ERASTUS JONES v. C. L. PRATT ET AL.

No. 6619.

1. **Inadequacy of Price at Judicial Sale.**—At a sheriff sale upon an execution for costs against a plaintiff in a suit to recover a tract of land, the land in controversy was sold for $55; it was worth $1200. In a suit to set aside the sale, *held:*

1. That the inadequacy of price alone was not ground to avoid the sale.

2. It is such inadequacy as to require the sale to be set aside if even slight irregularities attending the sale had been proved.

2. **Suit to Avoid Sheriff Sale.**—In such suit a tax deed was introduced for the purpose of showing that the plaintiff had no title in the land. There were no facts in evidence showing authority for the tax sale. *Held*, that the testimony was irrelevant under the pleadings, but not sufficient ground for reversal, the trial having been before the court without a jury.

APPEAL from Clay. Tried below before Hon. P. M. Stine.

The opinion gives a statement.

*A. K. Swan,* for appellant.—The testimony showed irregularities in the sale, which taken with the great inadequacy in the price, were good grounds to set aside the sale. The judgment otherwise was erroneous. Haskins v. Wallett, 63 Texas, 213; Pearson v. Flanagan, 50 Texas, 382; Atchison v. Owen, 58 Texas, 610.

*R. D. Welborne* and *W. G. Eustis,* for appellees.—1. A sheriff's deed made by virtue of a valid judgment and execution is not subject to collateral attack in an action of trespass to try title, which is a legal action, and can only be set aside for cause in a direct proceeding for that purpose, which suit is an equitable proceeding. Haskins v. Wallett, 63 Texas, 213; Rippetoe v. Dwyer, 49 Texas, 506; Ayres v. Duprey, 27 Texas, 594; Bowers v. Chaney, 21 Texas, 363; Boggess v. Howard, 40 Texas, 157; Holmes v. Buckner, 67 Texas, 107.

2. In order to set aside a sheriff's sale for mere irregularities not apparent of record, when the land is not purchased by the execution creditor but by a stranger, the burden of proof is on plaintiff to show that irregularities existed that would justify a court of equity to set aside the sale and that the purchaser had notice of the irregularities, or had notice of such facts as would put a prudent man upon inquiry. McAlpine v. Burnett, 23 Texas, 650; McAfee v. Wheelis, Posey's U. C., 65.

3. When a cause is tried by the court without the intervention of a jury,

and testimony is erroneously admitted, yet if there is sufficient evidence to sustain the judgment other than the evidence so illegally admitted, this court will not reverse for such error. Clayton v. McKinnon, 54 Texas, 206; Sharp v. Schmidt & Zeigler, 62 Texas, 263.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellant to set aside a sale under execution of a tract of land, on account of irregularities and the inadequacy of the price for which it was sold. The cause was tried without a jury. In a motion for new trial the plaintiff tendered back to the defendants the amount of purchase money paid for the land, with interest and costs, and offered excuses for not having made such tender before judgment.

Under the view that we take of the case it becomes immaterial to consider whether the delay in offering to return the purchase money was sufficiently accounted for.

It appears that a previous suit was brought by the appellant against the defendant Pratt alone for the same land Jones having recovered a judgment in the District Court, Pratt appealed to this court and the judgment was here reversed at the cost of Jones. The judgment for costs not being paid, an execution upon it was issued at the instance of Pratt's attorney, who caused it to be levied on the interest of Jones in the land in controversy. The land levied upon was proved to have been worth about $1200, and it was sold for about $55. It was purchased by one Eustis, who had no connection with the litigation. Shortly after the sale Eustis conveyed one-third of the land to the defendant Pratt, and one-third to the wife of Pratt's attorney.

All of the evidence introduced was to the effect that there existed no understanding or agreement between said parties previous to the sale, and that the conveyances were made solely as a compromise of Pratt's claim of title and that acquired by Eustis by his purchase at the execution sale.

The defendants introduced in evidence a tax deed relating to the land in controversy.

We think that the judgment of the court is supported by the evidence. The only irregularity attending the sale, as shown by the evidence, amounts to no more than a suspicion, growing out of the facts, that the attorney of the defendant in the suit was secretly interested in the purchase. The court believed the witnesses, instead of being controlled by such suspicion, and we would not be warranted in declining to abide by his decision in that respect. The inadequacy of price is not by itself sufficient to require the sale to be set aside. It is so great as to require it to be set aside if even slight irregularities attending the sale had been proved. But when such irregularities are not proved they should not be sought after and created by the court in order to avoid the sale. Such a course would be destructive of execution sales. Confidence in such sales must be preserved. When

they are authorized and properly conducted, great inadequacy of price alone will not be held cause for vacating them.

The tax deed introduced in evidence, without any other evidence showing by what authority it was executed, was not under the pleadings proper evidence upon any issue or for any purpose; but as the cause was tried without a jury, and as the judgment is amply sustained by the other evidence, the judgment should not be reversed for that cause, and it is affirmed.

*Affirmed.*

Delivered May 6, 1890.