### Mary P. Terry v. W. T. Cutler et al.

#### No. 5.

1. **Order of Sale — Alias Order — Sale Void, when.**—No sale having been made under an order of sale, for want of time after seizure and advertisement of land, the writ after return day becomes functus officio, and can not be looked to nor relied upon to aid an alias order of sale, if the latter be void. From the alias writ alone the sheriff derives his authority, if any, to sell and pass title. If the alias order be directed to the sheriff or constable of one county, and executed by the sheriff or constable of another county, the sale is a nullity, and conveys no title.

2. **Charge on Weight of Evidence.**—It is the province of the jury to pass upon issues of fact raised by the evidence. See opinion for presumptions and testimony which are held to have raised an issue of fact as to whether the lost alias order of sale was directed to the right county.

3. **Vendor's Lien — Subrogation.** — But whether the sale of land under foreclosure of lien for purchase money is void or voidable, the land is charged with a lien to the extent of the amount bid and credited on the alias order of sale, together with interest at the rate specified in the judgment of foreclosure; and before appellees, who claim under the original vendee, who never paid the purchase money, can recover the land, they must pay off such charge upon the land. In either case the appellant, who claims under the original vendor, is subrogated to his lien upon the land to the extent of such bid and interest.

4. **Same—Limitation.**—Limitation, under such circumstances, would not begin to run against such charge upon the land until adverse possession of the land be taken.

5. **Jurisdiction.**—Though the estates of A. Rhine, the judgment plaintiff in foreclosure, and I. Rhine, to whom by warranty deed he sold the land after the purchase under the alias writ, and who afterward by warranty deed sold to appellant, were administered in Collin County, and their executors resided there, said executors were proper and necessary parties to this suit brought in Grayson County, and it was error to sustain their plea to the jurisdiction.

Appeal from Grayson. Tried below before Hon. P. B. Muse.

*W. W. Wilkins, J. C. Edmonds,* and *G. G. Randell,* for appellant.—1. The court erred in sustaining the plea of David Rhine and William Bagley,

executors of the will of A. Rhine, to the jurisdiction of the court, and in rendering judgment against the plaintiff in favor of said Rhine and Bagley as such executors. Sayles' Civ. Stats., art. 1198, 4th exception.

2. When A. Rhine sold the land in controversy to M. W. Allen, the superior title remained with Rhine until the purchase money was paid; and Rhine having foreclosed his vendor's lien against Allen, and having purchased the land at the foreclosure sale on the 25th day of March, 1861, and having afterwards, in 1865, sold said land to Isaac Rhine, who in 1866 sold to appellant, a married woman at the time, entitled appellant to be subrogated to all the rights of A. Rhine, she having paid for said land with her separate means. Briscoe v. Bronough, 1 Texas, 326; Jones v. Smith, 55 Texas, 383; Senter v. Lambeth, 59 Texas, 259; French v. Grenet, 57 Texas, 273; Northcraft v. Oliver, 74 Texas, 162; Jolly v. Stallings, 78 Texas, 605; King v. Brown, 80 Texas, 276; Morrow v. Morgan, 48 Texas, 304.

3. The court erred in its charge to the jury, to the effect that the undisputed testimony in this case showed that the second or alias order of sale issued upon the judgment rendered in the District Court of Collin County, foreclosing the vendor's lien upon the land in controversy, was directed to the sheriff or any constable of Collin County, but was delivered to and acted on by the sheriff of Grayson County, who under said second order of sale, sold and conveyed said land to one A. Rhine, under and through whom plaintiff claims title to same; and that said second order of sale, not having been directed to the sheriff of Grayson County, did not authorize him to sell said land, and that the sale and conveyance made by him thereunder did not pass title to said land. Rev. Stats., art. 2332; Potter v. Wheat, 53 Texas, 401; Cobb v. Beall, 1 Texas, 342; Crozier v. Kirker, 4 Texas, 252; Schleicher v. Markward, 61 Texas, 99; Smithwick v. Andrews, 24 Texas, 488; Rogers v. Broadnap, 24 Texas, 538.

4. The judgment of the District Court of Collin County foreclosing the vendor's lien in favor of A. Rhine against M. W. Allen, and the original order of sale under which the sheriff of Grayson County advertised the land upon which said lien was foreclosed, each being in regular and due form, and the land being then in the custody of the court, and having been sold to A. Rhine to satisfy his lien thereon, in obedience to an order of the court to that effect, conveyed whatever title Allen had at that time to the purchaser at said sale, notwithstanding the alias order of sale, regular in all other respects, may have been directed to the sheriff of Collin County instead of to the sheriff of Grayson County. Irvine v. Bevel, 80 Texas, 332; Cartwright v. Chabert, 3 Texas, 261; Austin v. Clapp, 5 Texas, 129; Borden v. McKae, 46 Texas, 396; Boggess v. Howard, 40 Texas, 153; Meader Company v. Arringdale, 58 Texas, 447; Crane v. Blum, 56 Texas, 325; 1 Freem. on Ex., 2 ed., secs. 47, 55, 57,

58, 60, 61, 63, 64, 65, 71; Hibberd v. Smith, 13 How., 287; Taylor v. Doe, 50 Cal., 511; Tyrell v. Roundtree, 7 Pet., 464.

5. The land in controversy having been sold under foreclosure proceedings to satisfy the vendor's lien in favor of Rhine against Allen, and the proceeds of said sale having been applied to the satisfaction of said judgment against Allen, and the purchaser at said sale having gone into possession of said land and exercised acts of ownership over the same for more than thirteen years without any objection being offered by said Allen, would be such acquiescence on the part of Allen as would estop him and his long subsequent vendees from now attacking said sale on account of the irregularity insisted upon in this case. And had Allen tried at the time to have the foreclosure proceedings and sale thereunder set aside for any kind of irregularity, he would have been compelled to allege and prove the payment of the purchase money. Hatch v. Garza, 7 Texas, 60; Hunt v. Turner, 9 Texas, 385; Cordova v. Smith, 9 Texas, 149; Sydnor v. Roberts, 13 Texas, 598; Herndon v. Rice, 21 Texas, 456.

*I. M. Standifer* and *Brown & Bliss*, for appellees.—1. The court did not err in sustaining the plea of David Rhine and William Bagley, executors of A. Rhine, to the jurisdiction of the court. Rev. Stats., art. 1198, sec. 6; Wilson v. Kyle, 35 Texas, 559.

2. The court did not err in sustaining the fourth special exception of appellees to appellant's petition; to-wit: "Said defendants except to so much of said petition as seeks to enforce the lien of the judgment against the land in controversy, or to enforce the equity of A. Rhine, because it appears therefrom that more than ten years have elapsed since the issuance of the last execution on said judgment and before the filing of this suit setting up said claim; of which they pray the judgment of the court, that the said judgment is barred by limitation of ten years and two years." Rev. Stats., art. 3210; Walker v. Emerson, 20 Texas, 706; Slaughter v. Owens, 60 Texas, 668; Beck v. Tarrant, 61 Texas, 402; Browning v. Estes, 3 Texas, 462; Lander v. Rounsaville, 12 Texas, 195; Secrist v. Jones, 21 Texas, 121.

3. Appellant's petition and the undisputed testimony on the trial of this case showing that appellant claims the land in controversy by virtue of a sale made by the sheriff of Grayson County under an order of sale issued by the District Court of Collin County and directed to the sheriff of Collin County, the court did not err in charging the jury to find for appellees. Bybee v. Ashby, 2 Gilm., 151; Gordon v. Comp, 3 Pa. St., 349; Witt v. Kaufman, 25 Texas Supp., 384; 1 W. & W. C. C., sec. 458; McKay v. Bank, 75 Texas, 181; Morris v. Balkham, 75 Texas, 111; 2 Freem. on Ex., sec. 201; Ayres v. Duprey, 27 Texas, 602; Fuller v. O'Neil, 69 Texas, 349; Sinclair v. Stanley, 64 Texas, 67; Moody's Heirs v. Moeller, 72 Texas, 637.

4. The sheriff's sale under which appellant claims having been made after the return day of the first order of sale, can not be valid under that writ, but must depend for its validity on the alias order of sale. Towns v. Harris, 13 Texas, 507; Young v. Smith, 23 Texas, 598.

RAINEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought by appellant against appellees, to recover the land in controversy.

The facts are, that in 1859, A. Rhine, the then owner of the land, deeded same to W. M. Allen, part of the purchase money not being paid. In 1860, Rhine brought suit in Collin County for the unpaid purchase money, and a judgment of foreclosure was awarded him. An order of sale was issued, directed to the sheriff of Grayson County, which was returned for want of time to sell after seizing the land and advertising the same for sale. An alias order of sale was issued and delivered to the sheriff of Grayson County, and the land sold thereunder. A. Rhine became the purchaser, his bid being credited on the judgment, and the sheriff made him a deed. In 1865 A. Rhine, by warranty deed, conveyed the land to Isaac Rhine, who in turn, by warranty deed, conveyed same to appellant, who paid her separate money for same.

In 1874 W. M. Allen deeded the land to Joseph Bledsoe, and in 1882 Bledsoe deeded part of the land to W. T. Cutler, and Bledsoe and Cutler deeded all of the land to part of appellees.

Appellant made the executors of A. and I. Rhine parties, and prayed in the alternative, that if she could not recover the land, she be subrogated to the rights of A. Rhine under the foreclosure proceedings. Rhines' executors plead to the jurisdiction of the court, on the ground that they lived in Collin County and the estates were administered there, which plea was sustained. Defendants filed exceptions to plaintiff's plea for subrogation, and plead the statute of limitation of ten and two years as against the judgment. The exceptions were sustained, and upon the trial the court instructed a verdict for appellees, from which an appeal was taken.

The first proposition to be considered is, whether the sale of the land in controversy made by the sheriff of Grayson County under the alias order of sale, if the order of sale was directed to the sheriff of Collin County, is void, or voidable only.

Appellant claims that sale made under such circumstances is voidable only; that the first order of sale vested the sheriff of Grayson County with power to sell the land and convey a good title, and as he had proceeded to seize and advertise for sale, he had the right to sell, whether an alias order of sale issued or not, notwithstanding the return day of the first had expired. In support of this position he quotes various sections of Freeman on Executions.

It is true, that in section 58 of said work, Mr. Freeman, in speaking of the writ of venditioni exponas, says: " The venditioni exponas was so frequently issued as to create the impression that it was a writ of authorization as well as of compulsion, and was necessary to enable the officer to proceed with the sale. Such was not the fact. It gave the officer no authority not previously possessed by him. Notwithstanding the return of the fieri facias, he could sell the property levied on as well without as with a venditioni exponas." This seems to apply more strictly to personal property, as the officer by "levying the writ obtains a right of possession and a special property in the goods seized, which continues after the return day, and authorizes him to sell as effectually as if the original writ remained in full force."

But some jurisdictions hold a different doctrine as to real estate. Mr. Freeman, in the same section, says: "A levy upon real estate gives no special property, and no right of possession to the officer making the levy;. and hence it has been inferred that after the return day of the writ under which the levy was made, he occupies no official or other relation towards such property, and has no power to dispose of it and thereby make effectual the lien created by the levy. Where this view prevails, an exception exists to the general rule, that a venditioni exponas confers no authority, and it is then necessary, after the return day of an execution, that this writ issue to empower the officer to sell real estate levied upon but not sold, and a sale without such writ is void."

The Supreme Court of this State has held repeatedly, that a sale of land under execution made after the return day thereof is void, and no title passes thereby. Hester v. Duprey, 46 Texas, 625; Mitchell v. Ireland, 54 Texas, 301; Cain v. Woodward, 74 Texas, 549.

This being the rule of law in this State, the first order of sale, having become functus officio, can not be looked to or relied on to aid the alias order of sale, if that was defective to the extent of being void. The alias writ alone conferred authority, if any, to sell, and from that alone the officer could derive authority to sell and pass title to the purchaser. "A sheriff or constable has no authority to act under a writ directed to another sheriff or constable, and if he does so, a sale made by him is void." 2 Freem. on Ex., sec. 291, and authorities there cited. If the alias order of sale in this case was directed to the sheriff of Collin County, then the sale made thereunder by the sheriff of Grayson County was a nullity, and conveyed no title to the purchaser. Witt v. Kaufman, 25 Texas Supp., 384; Bybee v. Ashby, 2 Gilm., 151; McKay v. Bank, 75 Texas, 181.

The appellee complains of the trial judge in charging the jury, that the undisputed testimony in this case showed that the alias order of sale was directed to the sheriff of Collin County, and the sale thereunder by the sheriff of Grayson County was a nullity, and did not pass title. We think this action of the court was error; when there is an issue raised by

the evidence, it is the province of the jury to pass upon it, and the court can not take that right from them.

In view of the fact that the alias order of sale was lost, the recital in the execution docket that the alias was issued and delivered to the sheriff of Grayson County raises a presumption that it conformed to the legal requirements, especially when it was shown that an original order of sale had previously issued, directed to the sheriff of Grayson County, and returned by him for want of time to sell, and said alias was issued thereon. The testimony to overcome this presumption was the testimony of witnesses Bledsoe and Head, who testified to having seen the alias order of sale among some papers of a case pending in the District Court of Grayson County involving the land in controversy, and that it was directed to the sheriff of Collin County. The testimony of these witnesses was positive as to it being the alias in question. This was thirteen years after they had seen it. While their testimony was positive, the alias being lost, and the one they saw not coming from the proper custody, and thirteen years having elapsed since they had seen it, we think raises an issue of fact that should have been submitted to the jury for their determination. Smithwick v. Andrews, 24 Texas, 488; Schleicher v. Markward, 61 Texas, 99.

The appellant, by proper pleadings in the court below, asked, in the event the sale was avoided, to be subrogated to the rights of A. Rhine under the judgment of foreclosure. This plea was excepted to by the defendants, upon the ground that the said judgment was barred by limitation. The court sustained the exception, to which ruling proper exceptions were taken and the same assigned as error. We think this ruling of the court error. The land was sold under the judgment of foreclosure, and bid in by A. Rhine, the amount of his bid being credited on the order of sale. For about thirteen years Allen, the vendee of Rhine, acquiesced in this sale; no claim during that time was set up by him, nor did he pay the purchase money for the land, and it is probable that these conditions would have thus stood had not others raised the question. But be that as it may, no limitation would run under such circumstances until possession of the land was taken, and there is no pretense of adverse possession in this case sufficient to constitute a bar.

In order to avoid sales of like character of this, it is incumbent upon the party so seeking to pay the amount that is a charge upon the land. This has not been done by appellees. "The rule is, that when the property is charged with the debt for which it is sold, then, independently of the legal proceedings under which it was sold, the purchase money must be restored before it can be recovered." This rule was held to be the law in Howard v. North, 5 Texas, 290, and has been adhered to and reaffirmed ever since. Horan v. Wahrenberger, 9 Texas, 313; Bailey v. White, 13 Texas, 114; Teas v. McDonald, 13 Texas, 349; Sydnor v. Rob-

erts, 13 Texas, 598; Brown v. Lane, 19 Texas, 203; Andrews v. Richardson, 21 Texas, 287; Morton v. Wellborn, 21 Texas, 772; Johnson v. Caldwell, 38 Texas, 218; Stone v. Darnell, 25 Texas Supp., 435; Burns v. Ledbetter, 56 Texas, 282; French v. Grenet, 57 Texas, 273; Walker v. Lawler, 45 Texas, 538; Mays v. Blanton, 67 Texas, 245; Railway v. Blakney, 73 Texas, 180; Jolly v. Stallings, 78 Texas, 605.

It will be seen from the foregoing cases that it makes no difference whether the sale was void or voidable only. They hold to the broad doctrine, that when a party purchases land, before he can become the absolute owner thereof he must pay the purchase money therefor. Before defendants can hold the land sued for, they must pay off and discharge the debt with which it is charged, which is the amount bid by A. Rhine at the foreclosure sale and credited on the alias order of sale, with interest at the rate specified in said judgment of foreclosure.

Rhines' executors were proper and necessary parties, and the court erred in sustaining their plea to the jurisdiction of the court.

For the errors indicated, the judgment of the District Court is reversed and this cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 9, 1893.

Motion for rehearing overruled November 1, 1893.