MARY C. CLINE ET AL. v. MARY C. UPTON ET AL.

(Case No. 1580.)

1. JUDGMENT — EQUITY.— In a suit to recover property claimed as homestead by plaintiffs, the defendant alleged and proved the payment of money for the property by him as a purchaser thereof at execution sale, under a judgment against plaintiffs, and prayed that in the event the plaintiffs should be adjudged the owners of the property, that defendant recover judgment for the amount of money so paid, with interest. *Held*, that the refusal of a charge covering the relief so sought was error, requiring a reversal of the judgment in favor of the plaintiffs for the land.

2. EVIDENCE.— The evidence of one claiming homestead rights is admissible to show his intention when removing from the property in which homestead is claimed, as to whether it was with the purpose of abandonment or returning thereto.

APPEAL from Harris. Tried below before the Hon. James Masterson.

This cause, on a former appeal, is reported in 56 Tex., 319.

Plaintiffs R. A. Upton and wife alleged their residence to be temporarily in Lee county, and sued the widow of W. B. Cline, deceased, as administratrix of his estate, and also their minor children. Henry Cline, Esq., was appointed guardian *ad litem* for the minors, and qualified.

The petition set forth the purchase of the lots in controversy by plaintiffs in 1867, and building their home thereon; that they temporarily left it in 1868 with intention of returning, and had always since claimed and intended it as their homestead; that they never

acquired any other and owned no other real estate, alleging that defendants took possession in 1878 by force, withheld the same, and prayed for possession. Defendants filed general denial, and set up abandonment of homestead; that plaintiffs left the same in 1868; that R. A. Upton had been sheriff of Refugio county during said time, and exercised the rights of citizenship in said county; that W. B. Cline bought the same in good faith in 1874, at execution sale, under a valid judgment against R. A. Upton; that he bought in good faith and paid the amount of his bid, $66, which was credited on the judgment under which he bought; that there was no improvement on the lots when he bought to show that they had ever been used as a homestead, and that he was not advised at the time of his purchase of any right or claims plaintiffs had thereto as such; praying for judgment, or in the alternative for a personal judgment against R. A. Upton for the amount of Cline's bid, $66, with interest; that said sum had been paid in good faith on a valid judgment against Upton, had been credited on the same, and gone to liquidate it to that extent.

*E. P. Hamblen* and *Cline & Chapman*, for appellant, cited Burns v. Ledbetter, 54 Tex., 374, and 56 Tex., 281.

*S. Taliaferro*, for appellees, cited Cline v. Upton, 56 Tex., 319; Franklin v. Coffee, 18 Tex., 413; Shepherd v. Cassiday, 20 Tex., 29, 30; Story's Conf. Laws, sec. 47; Gouhenant v. Cockrell, 20 Tex., 97; Sommerville v. Sommerville, 5 Ves., 787; Cross v. Everts, 28 Tex., 533; McMillan v. Warner, 38 Tex., 410.

STAYTON, ASSOCIATE JUSTICE.— Since this cause was before this court at the last term, the pleadings for the defendants have been so amended as to set up the payment of the purchase money at the sale made by the sheriff.

Proof of such payment, and the amount thereof, was made upon the last trial, and an instruction asked to the effect that, if the jury found the property for the plaintiffs under their homestead claim, then they would find for the defendants against R. A. Upton for the sum so paid, with interest from time of payment at rate of eight per cent. per annum. This instruction was refused. It was error to refuse this instruction. Stone v. Darnell, 25 Tex. Sup., 435; Howard v. North, 5 Tex., 316; Andrews v. Richardson, 21 Tex., 287; Burns v. Ledbetter, 56 Tex., 286.

Upon the recovery of the property which W. B. Cline, now de-

ceased, had bought and paid for, with money which went to discharge in part the execution against Upton, the administratrix would be entitled to recover that sum with interest.

In view of all the evidence in the case, we are of the opinion that the court below would have been authorized to grant the motion of the appellants for a new trial; and as the case has to be reviewed, upon another trial the jury should be instructed to look to all the facts and circumstances in evidence in the case, to determine whether or not the removal of appellees, and their protracted absence from the property, was with intent no more to live upon it; and as bearing upon this question the evidence of the appellees as to their intention is admissible. Wharton's Law of Evidence, 482, 508; Fisk v. Chester, 8 Gray, 506.

Reversed and remanded.

REVERSED AND REMANDED.

[Opinion delivered February 23, 1883.]