TOMLINSON v. GIVENS *et al.*, *Appellants.*

Division One, April 20, 1898.

1. **Mortgage**: PURCHASER OF PORTION OF MORTGAGED PROPERTY. A purchaser of a portion of the mortgaged premises, who assumes the payment of a proportionate part of the mortgage debt, is bound to pay such part in exoneration of the residue.

2. ———: ———: SETTING ASIDE SALE: CASE STATED. Land subject to a deed of trust was subdivided and parts sold to different purchasers, each assuming a certain portion of the mortgage debt. Subsequently the holders of the note purchased the equity of redemption in one of the tracts, and, in consideration of the sale to them, ratified and confirmed this division of the indebtedness, and contracted and agreed to discharge the portion thereof assumed by their grantor. *Held*, that they could not thereafter enforce a lien upon all of the land for the entire debt, but must look to each tract for its part; and plaintiff having, before the sale by the trustee, tendered his portion of the debt and interest and paid the same into court for defendants, the trustee's sale was properly set aside as to plaintiff's land and the deed of trust as to that declared satisfied.

*Appeal from Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Selby & Givens* and *Hicklin & Hicklin* for appellants.

(1) The tender made at Gallatin on the twelfth of April, 1895, was not sufficient and did not make invalid the sale by trustee Selby that followed on the thirteenth of May afterward. *Bowen v. Julius*, 40 N. E.

Rep. 700; *Abshire v. Corey*, 15 N. E. Rep. 685; *Moore v. Kime*, 43 Neb. 517. (2) Under the law and the evidence the sale by trustee was properly made in bulk instead of in parcels. There is no evidence that trustee was requested to sell in parcels. *Chesley v. Chesley*, 54 Mo. 347; *Benkendorf v. Vincenz*, 52 Mo. 441; *Kline v. Vogel*, 11 Mo. App. 211. (3) The relief granted by the decree is unknown to and beyond the powers of a chancery court. *Crosby v. Bank*, 107 Mo. 436; *Flake v. Nuse*, 51 Texas, 98. (4) The interest on the $1,650 note was not due on the twelfth of April, 1895, and appellants were not bound to receive it then and there or suffer the results of rejecting a legal tender. *Bowen v. Julius*, 40 N. E. Rep. 700; *Abshire v. Corey*, 15 N. E. Rep. 685; *Moore v. Kime*, 43 Neb. 517. (5) Respondent on the thirteenth of April, 1895, at banking house of Houston, Spratt & Menefee, the proper time and place, perversely failed to make or have made tender of interest on the $1,650 note, although S. E. Wantland came into the bank and inquired for the note. *Mahan v. Waters*, 60 Mo. 167; *Cheney v. Bilby*, 74 Fed. Rep. 52. (6) Respondent's tender of $500 on morning of sale accompanied by a condition for satisfaction of deed of trust so far as it concerned the Tomlinson tract was void. *Henderson v. Cass Co.*, 107 Mo. 50.

*Alexander & Richardson* for respondent.

(1) Refusal to receive an amount tendered on the ground of insufficiency is a waiver of any informalities in a tender. *Whalen v. Reiley*, 61 Mo. 565. (2) A tender before sale of the interest due without the principal, is sufficient to prevent a sale by a trustee under a deed of trust, although the latter provides that, in case of a failure to pay the interest as it becomes due, the

entire debt, principal and interest, shall mature, and the property be sold to pay the same. *Philips v. Bailey*, 82 Mo. 639. (3) A creditor may waive the time of a tender, and when he does not raise that objection at the time of the tender he is presumed to have waived it. *Adams v. Helm*, 55 Mo. 468. (4) Where the mortgagor sells portions of the mortgaged land, that which he retains will, in equity, be held to be primarily liable for the whole debt and if not sufficient, the several parcels will be liable in the inverse order of such sales beginning with the parcel last sold. *Crosby v. Bank*, 107 Mo. 436; Jones on Mort. [4 Ed.], sec. 1621. (5) Where the court takes jurisdiction of the subject-matter of the controversy, it may retain such jurisdiction and make a complete disposition of the case, and adjust all the equities arising therein. *Woodard v. Mastin*, 106 Mo. 324; *Reyburn v. Mitchell*, 106 Mo. 365; *Jordan v. Harrison*, 46 Mo. App. 172; *Morrison v. Harrington*, 120 Mo. 655.

WILLIAMS, J.—This contest grows out of the sale of real estate under a deed of trust. Plaintiff, who purchased part of the land after the execution of said deed and subject thereto, filed his petition, seeking to set aside the trustee's sale made thereunder, so far as it affected his property, and for permission to redeem his part of the land.

The facts, upon which the rights of the parties depend, are that, on the thirteenth of April, 1893, one Woodson Wantland purchased this tract of land, but at his request the deed was made to S. E. Wantland. A note, signed by both of these parties for $1,650, was given for a portion of the purchase money. This note bore eight per cent interest, payable annually, and the principal was to become due three years after date. It was secured by a deed of trust upon the real

estate so purchased.    This deed of trust contained a
provision that the nonpayment of the interest when
due should cause the entire debt to become payable at
once, and the trustee should, in that event, be author-
ized to sell.    Plaintiff, on the eighth day of December,
1893, bought part of the land, subject to said deed of
trust.    One tract was conveyed to him by a warranty
deed and the other by a deed of quitclaim.    The entire
consideration expressed in both deeds amounted to
$590.    The circuit court found, however, and we think
that finding is clearly supported by the evidence, that
the real consideration was the payment by plaintiff of
$90 in cash, and an agreement by him to assume $450
of the mortgage debt.    One Scribner bought another
of the tracts covered by the deed of trust, and as part
of the consideration for same, he assumed $375 of said
debt.    S. E. Wantland, to whom the title was originally
conveyed, agreed to retain the remainder and his part
of the indebtedness secured by the deed of trust was
fixed at $825 and he assumed to pay said amount.

Some question has been made by appellant
about the order of time in which these sales were
made.    This might be controlling under some circum-
stances, but it does not become material to deter-
mine that matter under the theory upon which we will
dispose of the case.

Defendants Givens and Ray, on the third of April,
1895, purchased the $1,650 note and caused it to be
indorsed to their codefendant, Mary Ray.    One year's
interest amounting to $132 became due April 13, 1895.
Plaintiff, to prevent the sale under the deed of trust,
tendered this interest to defendants, at Gallatin, on
the twelfth of April, 1895, the day before it became
due.    Defendants had the note present when the
tender was made but refused to receive the money.
They gave plaintiff no reason for their refusal.    The

next day they took the note to Hamilton, which was fifteen miles distant, and left it for collection at the banking house at which it was payable. The interest only was then due, and for nonpayment of *that*, the whole debt became due, and the deed of trust authorized a sale of the land. The desire of defendants to have the land sold seems to be the only reasonable explanation of their conduct in refusing to accept the interest. Their only excuse upon the stand was that they did not take the money on the twelfth because it was not due till the thirteenth. They failed, however, to make this objection known to plaintiff.

Defendants afterward, on the sixth of May, 1895, being then the real owners of the mortgage debt, purchased from S. E. Wantland the equity of redemption in *his* part of the land covered by the deed of trust. The circuit court found the fact to be, and so entered in its decree, that, when defendants made this purchase, they "assumed that part of the debt evidenced by said note which he, the said S. E. Wantland, had assumed and agreed to pay by arrangement between himself and plaintiff and one Chas. E. Scribner, that is to say, the said S. E. Wantland the sum of $825 and interest, the said Chas. E. Scribner the sum of $375 and interest and the plaintiff the sum of $450 and interest." The appellants complain of this finding of facts, and, as this is an equity case, we have carefully examined the evidence, and see no reason to reject the conclusion upon this point of the learned judge, who tried the case below.

Defendants caused all the land embraced in the deed of trust to be sold by the trustee on the thirteenth of May, 1895. Plaintiff, on the morning of the sale and before it was made, tendered to defendants his part of the debt secured by the deed of trust under the arrangement aforesaid, and also the interest and costs,

and demanded that satisfaction be entered of the deed of trust as to *his* land, and that it be released therefrom. The defendants refused plaintiff's offer. They caused the entire land to be sold together as one tract by the trustee and bought it and had the deed made to defendant Givens. Plaintiff then brought this suit, the nature of which has been stated.

The decree rendered by the circuit court recites that plaintiff had paid into court for defendants the full amount of principal and interest due from him upon the $1,650 note secured by the deed of trust, in accordance with the agreement for the division of the indebtedness mentioned above, and orders that the trustee's sale as to plaintiff's land be held for naught, and that his property be forever released from said deed of trust and be declared free from any lien or incumbrance on account thereof. The defendants have appealed from this decree.

It is claimed that defendants were under no obligation to receive, before it was due, the interest tendered them; that, as it was not offered at the time and place "nominated in the bond," the right existed, under the deed of trust, to make sale of the land. It is further urged that the court below was not justified in setting aside the sale on the ground that all the land was sold as one tract and without subdividing it. An examination of the decree rendered will show that the circuit court did not base its judgment upon either of these grounds. The objection to the sale cuts deeper than any informality in the manner of conducting it or irregularity in the immediate proceedings by which it was brought about.

The parties having the title to the different parcels of land subject to the deed of trust, agreed, at the time of their respective purchases, upon a division of the indebtedness secured thereby, and the amount that

each should pay.   This could not, of course, without the consent of the holders of the note, compel such holders to look alone to the land of one of the parties for the portion of the debt which such party undertook to pay. The owners of the note would be entitled to the entire security taken for their debt, and no arrangement between the purchasers, or with the mortgagor, subsequent to the deed of trust, could impair their right to resort to a sale of all the land included in the deed of trust, if necessary to pay the debt.   The defendants in this case, however, occupy a different position.   They ratified and confirmed the division of the indebtedness made by the parties and, in consideration of the conveyance by S. E. Wantland to them of his interest in part of the land, undertook and agreed to assume his obligations in said matter, and to discharge the part of the mortgage debt which he had contracted to pay. The defendants, after they became the holders of the note, made this agreement, and received the conveyance from Wantland in consideration thereof.   "A purchaser of a portion of the mortgaged premises, who assumes the payment of a proportionate part of the mortgage debt is bound to pay such part *in exoneration of the residue.*" Jones on Mort. [4 Ed.], sec. 743; *Engle v. Haines*, 5 N. J. Eq. 186.

After this arrangement defendant could not be permitted to subject the entire land to sale for the payment of the whole debt, a part of which they had agreed should not be chargeable upon plaintiff's land.   The effect of their undertaking was that plaintiff's land should be exonerated from all of the debt except his proportionate part as agreed upon by the interested parties.   Defendants assumed S. E. Wantland's contract as to the division of the debt.   The decree of the circuit court was in accordance with this view and is affirmed.   All concur.