.V. M. RYON ET AL. v. J. H. P. DAVIS.

Decided May 21, 1903.

**1.—Tax Sale—Collateral Attack.**

Where plaintiff purchased land at a sale under a judgment in favor of the State for taxes and sued the former owner in trespass to try title to recover the land, defendant's answer alleging a want of proper parties in the tax suit proceedings could not be regarded as a direct attack upon the tax sale.

**2.—Same—Limitation of Four Years—Sale Only Voidable.**

Where the tax sale was made in June, 1898, and defendant's answer in the action of trespass to try title was filed August 7, 1902, it came too late, and could not be sustained as a collateral attack upon the sale, unless the sale was void, and not merely voidable.

**3.—Same—Sale in Gross Not Void.**

A sale of several contiguous tracts of land in gross for taxes assessed in gross and under a judgment of foreclosure in gross, is not void. Following League v. State, 93 Texas, 553.

**4.—Same—Judgment—Writ of Possession.**

Although the defendant would have two years in which to redeem the land after the sale for taxes, the order of sale would properly issue on the judgment and the sale be made, but the judgment should withhold the writ of possession until the expiration of the two years.

Appeal from the District Court of Fort Bend. Tried below before Hon. Wells Thompson.

*John C. Mitchell* and *T. E. Mitchell*, for appellants.

*Peareson & Peareson,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought in the District Court of Fort Bend County by J. H. P. Davis against V. M. Ryon and others to recover 179 acres of land, a part of the William Morton one and one-half league, situated in said county. The plaintiff's title depended upon a judgment of the District Court of Fort Bend County in favor of the State of Texas against J. W. Ryon and Jennie Ryon for taxes due by them and an order of sale issued thereon and sale thereunder. The 179 acres on which the taxes were due was composed of three tracts of land lying contiguous to each other and forming one body of land, but the judgment ordered the sale of "each" of the described three tracts of land for the satisfaction of said judgment, interest and costs. The land was assessed for taxes in a body, and the judgment was for the taxes due on it as a whole.

The plaintiffs pleaded in reconvention and sought to have the execution sale set aside for the reason that the three tracts of land were sold by the sheriff in a body, and not separately. The trial was by jury, and a judgment was rendered in favor of the plaintiff upon a verdict returned according to the peremptory instruction of the presiding judge.

The assignments of error are too general to require a revision of the judgment below; but it appears from the evidence that the judgment in favor of the State for taxes was rendered on the 9th day of April, 1898; that the sale was made June 7, 1898; that this suit was brought on June 2, 1902, and that the original answer of the defendants seeking to set aside the sale was filed August 7, 1902. Defendants' answer can not be held as a direct attack upon the sale for the want of proper parties. Nor was it made in time. It could not be sustained as a collateral attack unless the sale should be held void. It has been held that a sale of several tracts of land in gross for taxes for which a judgment of foreclosure in gross had been rendered, is not void. League v. State, 56 S. W. Rep., 262; 57 S. W. Rep., 34.

Although the defendants would have two years in which to redeem the land after the sale for taxes, the order of sale would properly issue on the judgment and the sale be made, but the judgment should withhold the writ of possession until the expiration of the two years. League v. State, supra. More than two years have elapsed since the sale in this case. There being no error in the judgment, it is affirmed.

*Affirmed.*

### ADDITIONAL CONCLUSIONS.

In the above entitled cause the following additional conclusions are filed. The land in controversy is one body of 179 acres that has been known for fifteen years as the Ryon farm. It is composed of three tracts lying contiguous to each other, and was assessed for taxes as one

tract of land, and had been so assessed for a number of years. It was shown to be worth at the date of the sale $25 an acre. It was sold in gross to I. Kempner for $104.19, and on payment of the bid a deed was executed to him therefor by the sheriff. Kempner conveyed the land to the appellee for a consideration of $208.36 cash. It was shown that there was a deed of trust on the land in favor of J. H. P. Davis for $1228.25. There was never any offer to redeem from the tax sale. V. M. Ryon testified that her husband died January 10, 1899.

Writ of error refused.