### ORR v. WALLACE et al. (No. 9457.)

(Court of Civil Appeals of Texas. Dallas. March 20, 1926. Rehearing Denied May 15, 1926.)

1. **Homestead** 181½—Refusal to permit jury to pass on issue of abandonment of homestead right to property in dispute, which evidence made one of fact, held error.

Where evidence raised issue of fact as to abandonment by defendant of homestead right in action to determine title to property, it was error for trial court not to permit jury to pass on that issue.

2. **Homestead** 181½—Claim of abandonment of any portion of property once impressed with homestead right is for jury.

If property has once been impressed with homestead right, claim of abandonment of any portion thereof is question of fact for jury.

3. **Taxation** 734(1)—Validity of tax title depends on existence of judgment for taxes, foreclosure of tax lien, order of sale, and proper deed from sheriff.

Validity of tax title rests on existence of judgment in favor of state for taxes and foreclosure of tax lien, issuance of valid order of sale and its legal execution by sheriff, and a proper deed of conveyance from sheriff.

4. **Taxation** 810(2)—Unless infirmity of tax judgment, order of sale, sheriff's return, and tax deed appear on face thereof, they should not be excluded because of extraneous facts that might destroy their validity.

In action of trespass to try title to property claimed under tax deed, unless infirmity of tax judgment, order of sale, sheriff's return, and tax deed appear on face of documents, they should not be excluded because of existence of extraneous facts that might destroy their validity.

5. **Taxation** 648.

Tax judgment, regular on its face, is immune from collateral attack.

6. **Taxation** 648.

Tax judgment, foreclosing lien given by Constitution to secure payment of taxes, forms basis for issuance of order of sale.

7. **Taxation** 648.

Order of sale on foreclosure of tax lien and sheriff's return, regular on their faces, are immune from collateral attack.

8. **Taxation** 811—Purchaser at tax sale showing proper tax judgment, order of sale, and deed is entitled to peremptory instruction in trespass to try title to such property, unless issue of fact is raised as to validity of documents.

Purchaser at tax sale, showing proper tax judgment, order of sale, and tax deed, is entitled to peremptory instruction in trespass to try title to property purchased, unless issue of fact is raised as to validity of judgment, order of sale, or its proper execution by sheriff.

9. **Taxation** 811—Status of purchaser at tax sale must first be considered in determining whether issue of fact is raised as to existence of any element necessary to divest title to land sold.

In determining whether defendant has raised issue of fact as to existence of any essential element necessary to divest him of title to land sold for taxes, purchaser's status as an innocent purchaser must first be considered.

10. **Taxation** 734(12)—Purchaser at tax sale, paying $184.45 for land valued in excess of $15,000 when seized, is charged with notice of defects in title.

Purchaser paying $184.45 for land at tax sale which was valued in excess of $15,000 when seized for taxes, is charged with notice of any defect that might exist in title acquired at tax sale.

11. **Taxation** 811—Evidence that owner was never served with citation in tax suit nor received notice thereof held to raise issue of fact as to correctness of tax judgment, as against purchaser charged with notice of defects in title.

In suit of trespass to try title to land sold under tax sale, evidence that owner was never served with citation in tax suit nor received any notice thereof is sufficient to raise issue of fact on correctness of tax judgment reciting that he had been so served, as against purchaser charged with notice of defects in title.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Limitation of actions ⬚⟲39(7)—Suit to annul tax judgment does not come within exception of statute of limitations exempting suits to recover real estate (Rev. St. 1925, art. 5529).**

Suit to annul tax judgment for irregularities does not come within exception of Rev. St. 1925, art. 5529, exempting actions for recovery of real estate from 4-year period of limitation.

**13. Taxation ⬚⟲805(1)—Tax judgment reciting proper service is voidable if not true, and sets in motion statute of limitations (Rev. St. 1925, art. 5529).**

Tax judgment reciting service on defendant is not void, though service was not actually made, but is voidable, and sets in motion Rev. St. 1925, art. 5529, limiting time for bringing action to annul such judgment.

**14. Taxation ⬚⟲810(3)—Evidence that defendant never received notice of tax sale is sufficient to raise issue as to whether such notice was mailed (Rev. St. 1925, art. 3808).**

In suit of trespass to try title to property purchased at tax sale, evidence that defendant never knew of tax sale until after it took place and never received notice thereof is sufficient to raise issue as to whether such notice was mailed as required by Rev. St. 1925, art. 3808.

**15. Limitation of actions ⬚⟲19(7)—Suit of trespass to try title is one for recovery of real estate, and attack on sheriff's return in tax sale is not precluded by 4-year statute of limitations (Rev. St. 1925, art. 5529).**

Suit of trespass to try title to property purchased under tax sale is a suit for recovery of real estate within exception to Rev. St. 1925, art. 5529, limiting right of action to 4 years from accrual of right, and hence attack on sheriff's return in tax sale was not precluded because suit was brought more than 4 years after sale.

**16. Taxation ⬚⟲647—Tax judgment is not void because of lapse of 2 years and 8 months from entry of default and award of writ of inquiry before entry of final judgment.**

Judgment in tax sale is not void because of lapse of 2 years and 8 months from time of entry of judgment by default and award of writ of inquiry before entry of final judgment.

**17. Taxation ⬚⟲647—Foreclosure of tax lien on each lot for total taxes due on three lots claimed as homestead does not make tax judgment void.**

Judgment in tax sale is not void because it forecloses tax lien on each lot for full amount of taxes due on three lots, where all lots were claimed as homestead.

**18. Continuance ⬚⟲26(2)—Overruling of application for continuance in suit of trespass to try title, commenced in 1915, held not abuse of discretion.**

Overruling of application for continuance in suit of trespass to try title to land purchased at tax sale commenced in 1915, for further time to locate papers in original tax suit, *held* not an abuse of discretion, in view of time case was on trial docket.

**19. Abatement and revival ⬚⟲40—Plaintiff consolidating his suit to annul tax judgment with suit against him of trespass to try title, bringing in all parties and issues made in cross-action to latter suit, cannot make plea in abatement for misjoinder of parties and causes in cross-action.**

Consolidation of suit of trespass to try title to land purchased under tax sale and suit to annul tax judgment at instance of defendant in former suit and plaintiff in latter suit, bringing in all parties and issues made by cross-action in first suit, precludes plea in abatement for misjoinder of parties and causes to cross-action.

Error from District Court, Dallas County; Towne Young, Judge.

Suit by Carl Wallace and others against Chas. M. Orr and E. T. Harrison, in which defendant Harrison filed a cross-action against defendant Orr, consolidated with the suit by Chas. M. Orr against the State of Texas and another. Judgment for plaintiffs, and defendant Orr brings error. Reversed, and remanded for new trial.

Stennis & Stennis and John W. Pope, all of Dallas, for plaintiff in error.

O. F. Wencker, J. L. Goggans, and B. O. Baker, all of Dallas, for defendants in error.

JONES, C. J. In a suit in the district court of Dallas county involving title to lots 13, 14, and 15, in block 843—0, a judgment was rendered on peremptory instructions by the trial court, divesting Chas. M. Orr, plaintiff in error, of all title in and to said land, and vesting title to lot 15 in defendants in error Carl Wallace, Albert Walker, and Joe Utay, and vesting title to lots 14 and 15 in defendant in error E. T. Harrison. From this judgment plaintiff in error has duly perfected his appeal. The facts, as briefly as they can be stated, are as follows:

Jeff Word is the common source of title, and he conveyed this property, together with other adjacent property, to plaintiff in error March 25, 1895. This deed of conveyance did not describe this property by lots and block, but as "150 feet by 462 feet, and as fronting 150 feet on College avenue in the city of Dallas and running from College avenue along the southeast line of Junius street 462 feet to the northeast line of Oak street, and fronting 150 feet on Oak street." Nusbaumer's branch, running in a northerly and southerly direction, divided this tract of land in approximately equal portions. It appears from the evidence that different maps of the city of Dallas were in use at the time of the purchase of this property and for several years thereafter, and that on one map the block was designated as No. 830, and on another No. 830—0, but on each of these maps the lots in controversy were given the same numbers.

---

⬚⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On March 2, 1896, plaintiff in error conveyed all of the property purchased from Word to his wife, Mrs. M. C. Orr, as her separate property. In that year the property was assessed for taxes in the name of plaintiff in error, but from 1897 to 1905, inclusive, the property in controversy was assessed in the name of Mrs. M. C. Orr. In each of these assessments the property appeared on the assessment roll as lots 13, 14, and 15 in block 843—0, McCoy's subdivision.

On July 17, 1906, Mrs. M. C. Orr died testate, and, by the terms of her will, all of her property was devised to her husband, plaintiff in error, and in said will plaintiff in error was nominated and appointed as sole independent executor. Application to probate this will was filed May 25, 1909, and said will was duly probated and plaintiff in error appointed as independent executor, and as such he duly qualified on July 9, 1909.

On January 26, 1907, a judgment by default was entered against plaintiff in error in a suit that had been regularly filed in a district court in Dallas county to enforce the collection of delinquent taxes on the said lots for the years 1895 to 1905, inclusive. This judgment recited that plaintiff in error had been duly and legally served with citation in this cause and had failed to appear and answer in his behalf, that the state of Texas is given judgment for its damages and for foreclosure of its lien, and that it is ordered by the court that the damages sustained by reason of the premises, and the amount thereof, and the foreclosure of the lien, be ascertained and assessed by the court when the cause shall be reached on the docket.

On September 22, 1909, this judgment was made final by the court after hearing evidence necessary for the rendition of a valid tax judgment, and judgment was rendered for the sum of $184.45, including interest and costs, the tax lien was foreclosed on all the property, and an order of sale directed to be issued. The final judgment recited that:

"The state of Texas does have and recover judgment in the sum of $160.10, the amount of said taxes, interest, and costs, and 6 per cent. per annum thereon until paid, and for all costs of this suit against each and all of the said parcels of land, and that the tax lien securing the same be, and the same is hereby, foreclosed on said land. * * *"

Defendant in error Harrison became the purchaser under the sale, which was had March 1, 1910; the entire property being sold in bulk for $184.45, the amount of the judgment. The said judgment also contained the following:

"It is further ordered, adjudged and decreed by the court that the clerk of this court withhold the issuance of the writ of possession to the land above described and ordered sold, or any part thereof, until the expiration of two years from the date of the sale thereof."

This is followed by an order to the clerk that, if the land is not redeemed within said time, the writ of possession shall immediately be issued by the clerk of this court.

On March 18, 1913, appellee Wallace recovered judgment in the district court of Dallas county against plaintiff in error in the sum of $562.50, with interest thereon from date of judgment. An execution was duly issued on this judgment May 27, 1913, and returned nulla bona August 23, 1913. On July 6, 1914, an alias execution was issued under which lot 15 was seized and sold by the sheriff on July 4, 1914, to defendant in error Wallace for the sum of $600. This did not pay the amount of the judgment, interest, costs, and the cost of levy and sale. A sheriff's deed was duly executed to Wallace conveying to him said lot 15 under this execution sale. On August 21, 1915, Wallace and wife duly conveyed to appellees Walker and Utay an undivided interest in said lot 15. On July 1, 1918, pending the litigation, Harrison conveyed his interest in lot 15 to the other defendants in error.

Defendants in error Wallace, Walker, and Utay filed suit in the district court of Dallas county February 27, 1915, in the form of trespass to try title against plaintiff in error for title and possession of said lot 15. In this suit, defendant in error Harrison was made a party defendant as a claimant of said lot. Plaintiff in error, in his answer to this suit, pleaded that said lot was exempt from forced sale because it was a part of his homestead and was not subject to forced sale. Harrison, in his answer, pleaded title to said lot as against plaintiffs by virtue of his said tax deed, and filed a cross-action over against plaintiff in error, praying that he be given title and possession to said lots 13, 14, and 15. Plaintiff in error answered this cross-bill by a plea in abatement, because of a misjoinder of parties and causes, and to the merits, by an attack on the validity of the tax judgment on various grounds, among which was the allegation that he had never been served with citation in said tax suit and knew nothing of said suit until after the said sale, because there was a foreclosure on each lot for the taxes due on all the lots, and because of failure of the sheriff to give legal notice of the sale of the lots under the order of sale. Other grounds were alleged which it is not deemed necessary to specially mention.

On December 21, 1915, plaintiff in error filed an independent suit for the purpose of vacating and annulling the said tax judgment and cancelling the said sheriff's deed. This was a direct attack on said judgment, and the state of Texas and the said E. T. Harrison were made defendants. Numerous irregularities in obtaining the said tax judgment were alleged, including all those matters alleged in plaintiff in error's answer to the Harrison cross-bill in the other suit. Those

named as defendants in this latter suit answered, and, on motion of plaintiff in error, the two suits were consolidated and tried as one suit.

It thus appears that, as between plaintiff in error and Wallace, Walker, and Utay, the claimants to lot 15, under their purchase at the execution sale, the issue to be determined on this appeal is, Was there an issue of fact raised by the evidence under plaintiff in error's claim of a homestead exemption? As between plaintiff in error and all of defendants in error, was there an issue of fact made by the evidence as to the validity of Harrison's title to lots 13, 14, and 15 under the tax deed to Harrison? These issues will be discussed in the order above named.

[1, 2] In regard to the first issue, we are of the opinion that the evidence is not conclusive of the fact that plaintiff in error had abandoned all homestead rights in lot 15. This we think appears from the evidence not only of plaintiff in error, but also from the evidence of the witness Guillot, and that it was error for the trial court not to permit the jury to pass upon this issue. Newton v. Calhoun, 68 Tex. 451, 45 S. W. 645; Cline v. Upton, 56 Tex. 319, 59 Tex. 27; Scheuber v. Ballow, 64 Tex. 166; Bowman v. Watson, 66 Tex. 295, 7 S. W. 273; Maroney, etc., Co. v. Connella (Tex. Civ. App.) 25 S. W. 449. The general rule of law is that, if property has once been impressed with the homestead right, the claim of abandonment of any portion of same is a question of fact for the jury. We refrain from a discussion of the potency of this evidence, because of the fact that there must be another trial of this case.

[3] In reference to the second issue above named, the validity of Harrison's tax title rests on the existence of three essential facts: (1) A judgment in favor of the state of Texas against plaintiff in error for the taxes alleged to be due and a foreclosure of the tax lien; (2) the issuance of a valid order of sale under this judgment and its legal execution by the sheriff of Dallas county; (3) a proper deed of conveyance from the said sheriff to Harrison.

[4] Plaintiff in error seasonably objected to the offer in evidence of the tax judgment, to the offer in evidence of the order of sale, to the offer in evidence of the sheriff's return thereon showing the manner in which same was executed, and to the offer in evidence of the tax deed executed by the sheriff. The grounds of objections made were those reflected by his pleadings under his allegations of their invalidity. Unless the infirmity of this documentary evidence appears on its face, its admission should not be denied because of the existence of extraneous facts that might destroy its validity.

[5-7] The judgment appears on its face to be regular and immune from collateral attack. It recites personal service on plaintiff in error, and further contains all the other necessary recitals to make a valid tax judgment. It forecloses the lien given by the Constitution to secure the payment of taxes and hence forms a basis for the issuance of an order of sale. The order of sale issued appears on its face to be regular and in conformity to legal requirements. The sheriff's return on this order of sale shows on its face that same was properly executed. It appears therefrom that due publication was made of the order of sale in the manner required by law, and that a copy of said order of sale was duly mailed to plaintiff in error, and that all other legal requirements for the due execution of said order of sale had been complied with by the sheriff. It further shows that Harrison was the purchaser at this sale, and, as such purchaser, the sheriff had executed to him a deed of conveyance, regular in form, and sufficient to vest in Harrison all of plaintiff in error's right, title, and interest in said land.

[8] The court did not err in overruling plaintiff in error's said objections to this evidence. By this evidence Harrison made such a case as would entitle him to peremptory instructions, unless plaintiff in error's evidence destroyed this right by raising an issue of fact either as to the validity of the judgment, or the validity of the order of sale, or its proper execution by the sheriff.

[9, 10] In determining whether or not plaintiff in error has raised an issue of fact as to the existence of any of the essential elements necessary to divest him of title to the land, Harrison's status as to whether he was an innocent purchaser of the land must first be considered. The undisputed evidence shows that at the time of the trial of this case the said three lots of land were of the reasonable market value of $30,000. The allegations in plaintiff in error's petition placed the value of the land at the time it was seized by the sheriff under the order of sale at an excess of $15,000. Harrison purchased the land on his bid for the amount of the delinquent taxes, interest, and court costs, amounting to $184.45. This was the entire consideration paid by Harrison for this land. Harrison therefore cannot claim the rights of an innocent purchaser without notice, but is charged with notice of any defect that might exist in the title he acquired under the sheriff's sale and deed of conveyance.

[11] Plaintiff in error, both by pleading and by evidence, attacked the judgment on the ground that he was never served with citation in said tax suit, nor ever received any notice that there was such a suit, until after the judgment had been entered and his land sold. This evidence is sufficient to raise an issue of fact on the correctness of the judgment's recital that he had been so served, if he is not precluded from doing so because under the undisputed evidence more than four years had elapsed since he knew of the existence of said judgment and its recital

as to service. Article 5529, Revised Statute 1925, was pleaded by Harrison in answer to plaintiff in error's direct attack on this judgment. This statute reads:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

[12, 13] Plaintiff in error's suit attacking this judgment is not a suit for real estate within the meaning of the exception as to real estate contained in this statute, but is a suit to annul a judgment, and is within the express terms of the statute. Dunn et al. v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347; Holt v. Love (Tex. Civ. App.) 168 S. W. 1018; Carl et al. v. Settegast (Tex. Com. App.) 237 S. W. 238; McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315; Ryon et al. v. Davis, 32 Tex. Civ. App. 500, 75 S. W. 59. A judgment that recites service on a defendant is not a void judgment, even though said recital is untrue and the defendant was not actually served. Such a judgment is only voidable, and is sufficient to set in motion this statute of limitation. All of the complaints urged against this judgment by plaintiff in error in his said suit are in reference to irregularities that, at most, show only a voidable judgment. Without a further discussion of the various irregularities claimed by plaintiff in error, we hold that Harrison's plea of limitation of four years precludes consideration of the irregularities for the purpose of avoiding this judgment.

[14] Plaintiff in error, both by pleading and evidence, attacks the sheriff's return on the order of sale on the ground that, notwithstanding the recital in such return to the contrary, a copy of the order of sale was not mailed to him. This is a statutory requirement. Article 3808, Revised Statutes 1925. Among other statutory requirements for the proper execution of an order of sale, this statute declares that:

"The officer making the levy shall give the defendant or his attorney written notice of such sale, either in person or by mail, which notice shall substantially conform to the foregoing requirements."

[15] The evidence of plaintiff in error in reference to this matter is that he never knew of the sale until after it had taken place, and that he never received a written notice, or any notice, from the sheriff of such sale. While he did not testify that the sheriff had not mailed the notice, yet this evidence is sufficient, in our opinion, to raise the issue as to whether such notice was mailed. In fact, this is about the only testimony by which such issue could be raised, for it is not likely that the officer making the return would admit that it was false. Harrison contends that plaintiff in error is precluded by the said four-year statute of limitation from attacking the return. To this contention we cannot agree. Harrison's suit is one for the recovery of real estate, and the order of sale and sheriff's return thereon is evidence necessary to sustain his cause of action and is within the exception stated in said statute.

[16] Plaintiff in error contends that, because of the lapse of approximately two years and eight months from the time of the entry of the judgment by default and the award of a writ of inquiry before proof was made and final judgment entered, the judgment entered is void. It is without doubt the better practice, when an interlocutory judgment by default is entered, that the final judgment should be taken at the same term of court, but we are unable to say that, by reason of such failure, the court thereby lost jurisdiction of the cause. Plaintiff in error cites no authority to sustain such contention, and we overrule this assignment of error.

[17] A more serious question is raised by plaintiff in error's assignment challenging the validity of the judgment because it foreclosed the tax lien on each lot for the full amount of the taxes due on the three lots and did not confine the foreclosure on each lot to the taxes due only on said lot. This contention has much force under the holding of our Supreme Court in the case of Richey v. Moor, 112 Tex. 493, 249 S. W. 172. In that case it is said that:

"Our public policy has been to treat the taxes assessed against each particular tract of land as possessing in most respects the elements of a separate tax."

This specific question was not before the Supreme Court in that case, and, in view of the fact that these three lots are and were claimed as the homestead of the family, and in view of the further fact that there are holdings by the Courts of Civil Appeals on this precise question contrary to plaintiff in error's contention, we are constrained to overrule this assignment of error. Masterson v. State, 17 Tex. Civ. App. 91, 42 S. W. 1003; Ryon v. Davis, supra; Turner v. City of Houston, 21 Tex. Civ. App. 214, 51 S. W. 642.

[18, 19] Complaint is also urged against the action of the court in overruling plaintiff in error's application for a continuance in order that he might have further time to search for and attempt to locate the papers in the original tax suit. In view of the length of time this case had been on the trial docket, we do not think there was an abuse of discretion in overruling this motion. Complaint is also urged against the action of the court in overruling plaintiff in error's plea in abatement because of the misjoinder of parties and causes in the cross-action filed by Harrison in the suit by Walker, Wallace, and Utay. The consolidation of the two suits at the instance of plaintiff in error, bringing into the consolidated case all the parties and issues made by the cross-action, destroyed

whatever merit there may have been in this plea in abatement.

We have carefully examined all of the other assignments of error, as well as the objections made by defendants in error to a consideration of plaintiff in error's assignments, and we overrule them.

For the errors above pointed out, we are of the opinion that this case should be reversed and remanded for a trial not inconsistent with the holdings herein.

Reversed and remanded.