**LACY v. SANDERS.     (No. 2020.)**

Court of Civil Appeals of Texas.     El Paso.
April 20, 1927.

Rehearing Denied June 9, 1927.

1. **Taxation** ⚖️810(2)—Order of tax sale held admissible, over objection that return of sheriff showed levy, advertisement, and sale were made on impossible dates.

Where plaintiff claimed title and possession, based on tax title growing out of a judgment in tax suit, order of sale was admissible in evidence, over objection that return of sheriff thereon showed levy, advertisement, and sale were made on impossible dates, where it appeared from original order of sale that, in inserting dates on printed form with typewriter, some one failed to cross out cipher, leaving some of dates reading 19012 instead of 1912.

2. **Evidence** ⚖️83(7)—In absence of proof showing notice of tax sale was not given or sale made, sheriff will be presumed to have performed duty.

Where claim of title and possession of property was based on tax title growing out of judgment in tax suit, in absence of proof showing that notice was not given or sale made, the sheriff will be presumed to have performed his duty under the order of sale.

3. **Taxation** ⚖️648—Question of excessiveness of tax judgment can be inquired into only on direct attack on judgment.

Question whether judgment in tax suit was for more than was owing by owner of property can be inquired into only on direct attack and not on collateral attack of judgment in trespass to try title.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Trespass to try title by W. N. Sanders against Sam Lacy and others. From a judgment for plaintiff, the defendant named appeals. Affirmed.

J. L. Turner, of Dallas, for appellant.

J. L. Goggans and R. W. Gray, both of Dallas, for appellee.

PELPHREY, C. J. This is a trespass to try title suit, instituted in the Sixty-Eighth district court of Dallas county, Tex., by W. N. Sanders against Sam Lacy and Will Porter and wife.

Will Porter and wife filed a disclaimer, and Sam Lacy answered by a general demurrer, plea of not guilty, and pleas of the three and ten-year statutes of limitations.

It was agreed by the parties that Sam Ford was the common source of title. Sanders' claim for the title and possession of the property was based on a tax title growing out of a judgment in a tax suit against Sam Ford.

In a trial before the court, judgment was rendered giving title and possession of the property to Sanders. From that judgment Lacy has appealed.

**Opinion.**

Appellant bases his appeal on three assignments of error, all complaining of the action of the court in admitting or refusing to admit certain evidence.

[1, 2] Appellant's first contention is that the court was in error in permitting appellee to introduce in evidence the order of sale, for the reason that the return of the sheriff thereon showed the levy, advertisement, and sale were all made on impossible dates.

The original order of sale has been included in the record before us, and is on a printed form. It clearly appears from the return that some one, in inserting the dates on the printed form with a typewriter, failed to cross out the cipher on the printed form, and thereby left some of the dates reading 19012 instead of 1912, as was evidently intended. In that part of the return where the recitation is made as to the date of the sale, the figure "1" written in with the typewriter, goes across the printed cipher, and should be read 1912.

At the conclusion of the return there is a recitation of the date of the return of the writ, written in ink, showing unmistakably that the writ was returned on the 15th day of April, 1912.

In the case of Harris v. Mayfield, 260 S. W. 835, the Commission of Appeals, Section B, held that a return of the order of sale, following a tax sale by the sheriff or constable, is not necessary to the validity of the sale, and held that the judgment, the entries on the execution docket, and the sheriff's deed, made a prima facie case of a valid title in the tax sale purchaser as against a collateral attack.

It is undisputed in this case that the judgment is valid, that notice of sale was issued, and that a deed was executed by the sheriff to appellee. As said in Harris v. Mayfield, supra, it should be presumed that the officers did their duty in such cases, and, as said by our Supreme Court in Howard v. North, 5 Tex. 290, 51 Am. Dec. 769:

"The prima facie presumption is that the officer discharged his duty, * * * according to the requisitions of the law. The presumption is in favor of the title, and will support it, unless rebutted by proof to the contrary."

Even if the errors made in the return should be held to be material, still under the authorities above cited we are convinced that the order of sale was admissible and that, in the absence of proof showing that notice was not given or the sale made, the sheriff will be presumed to have performed his duty under the order of sale, and that the evidence was

sufficient to support a judgment in favor of appellee.

[3] Appellant also contends that he should have been permitted to introduce in evidence the rate card of the tax assessor and collector for the years 1908 and 1909, also the tax assessor's abstract book for the same years, for the purpose of showing that the judgment in the tax suit was for more than was owing by the owner of the property. This is a collateral attack upon the judgment in the tax suit, and the question of its excessiveness cannot be inquired into except upon a direct attack.

Judge Greenwood, in the case of Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490, held that the validity of a sale under judicial foreclosure of a tax lien was to be determined by the rules governing judicial sales, and not sales purely statutory and summary.

Appellant cites several cases where a sale was held invalid because of the excessiveness of the judgment, but they were summary sales made by the tax collector, and a different rule applies to such cases.

The errors complained of present no error, and the judgment of the district court is affirmed.