## STEVENSON v. MILLS. (No. 1772.)

Court of Civil Appeals of Texas. Beaumont. Jan. 25, 1929.

Rehearing Denied Jan. 30, 1929.

involved in the tax suit of the state, describing it as follows: "All of outlots 81, 46 and 140 to the town of Deer Park, Harris County, Texas; also Lot 26 Block 28 town of La Porte, Harris County, Texas."

Appellant, Stevenson, answered by the same sort of plea over against appellee, Mills. Appellant's plea was special, in the nature of a collateral attack against appellee, Mills', title, and against this plea the court sustained a general demurrer. Between appellant and appellee the case was tried without a jury, with judgment for appellee, Mills, for the land in controversy. Though reserving no exceptions to the ruling of the court sustaining the demurrers against his answer, appellant has brought forward by objections to the testimony offered by appellee, and by exceptions to the court's exclusion of certain testimony offered by him, the same legal propositions advanced by his plea.

It was conceded that appellant was the common source of title. Appellee offered in evidence the following record title:

(a) Judgment in cause No. 85344, State of Texas v. S. K. Stevenson and others, dated 12–22–19, foreclosing the tax lien against the following described property: "All of out lot No. 140, being 5 acres, in the town of Deer Park, Harris County, Texas. Also out lots 46 and 81 in the town of Deer Park, Harris County, Texas. Also Lots 26 in Block 28 in the town of La Porte, Harris County, Texas."

The judgment made the following findings and recitations as to service and foreclosure:

"This day came on to be heard the above numbered and entitled cause, and this day came the plaintiff, The State of Texas, by its attorney, and the defendants S. K. Stevenson and C. S. Ranck and all persons owning or claiming any interest in the property described in plaintiff's original petition having been duly cited by publication to answer plaintiff's petition herein as it fully appeared to the court, and a sufficient time having elapsed after such service, the court appointed E. H. Vasmer, Esq. a practicing attorney of this bar, to represent said defendants so cited by publication to answer plaintiff's petition. * * * And it is adjudged and decreed that a lien against each of said tracts or parcels of land for the amount of the taxes, interest and costs herein adjudged to be due on the same, which lien is hereby foreclosed as against said defendant on each of said tracts of land; and it is further ordered, adjudged that in default of payment of this judgment, interest and costs an order of sale be issued by the clerk of this court, directed to the sheriff or any constable of Harris County, Texas, commanding such officer to seize, levy upon and advertise for sale as under execution each of said tracts of land, and sell the same to the highest bidder for cash as under execution, but if defendant or their

Rucks & Enlow, of Angleton, for appellant.
Austin Y. Bryan, Jr., of Houston, for appellee.

WALKER, J. This suit was instituted in the district court of Harris county on April 12, 1926, by the state of Texas against Land Title & Trust Company, appellee, V. W. Mills, and appellant, S. K. Stevenson, and the unknown heirs of Mills and Stevenson, to foreclose a tax lien against the property hereinafter described. Judgment was rendered for the relief prayed for upon the confession of all the defendants. Appellee, Mills, answered by plea in the nature of trespass to try title against his codefendant, appellant, Stevenson, praying for judgment for the land

attorney shall at any time before the sale file with the sheriff or other officer in whose hands this order of sale shall be placed a written request that the property therein shall be divided and sold in less tracts than the whole, together with a description of said subdivisions, then such officer shall sell the land in said subdivisions as the defendant may request and in such case shall only sell as many subdivisions as near as may be to satisfy this judgment."

(b) Order of sale issued on judgment just above described, dated 12–22–19, in all things regular, directing the sale of the property described in the judgment.

(c) Sheriff's return on the order of sale, in all things regular, showing sale of the property, on the 6th day of April, 1920, to the Commonwealth Land & Title Company;

(d) Sheriff's deed dated 14th day of April, 1920, in all things regular, conveying the property to the purchaser.

(e) Map of the town of Deer Park and map of the outlots to the town of Deer Park, the lots in controversy being identified on the maps as part of the outlots.

Appellee held title under the purchaser in the foreclosure sale.

■ Appellant insists that a fatal variance exists between the description of the lots as sued for by appellee and as described in the tax judgment and sheriff's deed, in that the property was described by appellee in his answer as "out lots *to* * * * the town of Deer Park," while in the judgment and sheriff's deed they were described as "outlots * * * *in* the town of Deer Park." No variance or ambiguity grows out of the use of the word "in" in one description and the word "to" in the other. The lots are definitely located by the description "outlots." Being "outlots," they could not be "in" the town of Deer Park in the sense of being part of the original plat of the town. By using the word "in" in the judgment in connection with the words "outlots," the lots were clearly identified as simply parts of the municipal area of the town of Deer Park, a very common use of the word "in" in that connection. Most towns have outgrown the original municipal area, and in speaking of certain property as being "in" such towns, it is not necessarily understood that the property is a part of the original plat, but the description is meant to identify the property as being a part only of the municipal area. The maps and plats introduced in evidence in this case satisfactorily identify the property under its designation of "outlots," and that was all that was necessary. The rule was thus stated by the Commission of Appeals in Miller v. Hodges, 260 S. W. 168:

"The sole purpose of a description of land, as contained in a deed of conveyance, being to identify the subject-matter of the grant, a deed will not be declared void for uncertainty if it is possible, by any reasonable rules

of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey."

■ By offering the judgment, the order of sale, the sheriff's return, and sheriff's deed, appellee made a prima facie title in so far as the tax suit in the case of the state of Texas against appellant, S. K. Stevenson, was concerned. Harris v. Mayfield (Tex. Com. App.) 260 S. W. 835. As against a collateral attack, the case just cited also holds that judgments in tax foreclosures "have been definitely placed upon the same plane with judgments in general." And in Brown v. Bonougli, 232 S. W. 490, cited in support of Harris v. Mayfield, the Supreme Court, speaking through Judge Greenwood, said that a tax sale in consummation of a valid judicial foreclosure is on the same plane "with respect to collateral attack, as other execution sales."

Appellant seeks to attack appellee's tax title by the following additional assignments:

(a) As appellant construes the tax judgment, the foreclosure was against all the lots for the taxes due separately on each lot, when it should have been against each lot only for the taxes due against it. He asserts that "it affirmatively and conclusively appears from the face of said tax judgment and the record in said cause" that the lots were separately assessed, yet he asserts the foreclosure was in solido. Therefore, he says, the judgment was "void" and should have been excluded.

(b) The court erred in excluding the original rendition sheets on the ground that, as construed by appellant, they showed separate renditions on the property against which the tax lien was foreclosed.

(c) The court erred in excluding the statement of facts preserved on the trial in said cause on the ground that, as construed by appellant, it affirmatively appeared from the statement of facts that the suit was against appellant, a nonresident, based upon citation by publication, directed to the sheriff of Harris county, Tex., "whereas, the law requires in suits for the collection of delinquent taxes that notice of such suits should be directed to the person sued and that, therefore, the court was without jurisdiction to try said cause and enter judgment therein."

(d) "The court erred in excluding from evidence upon appellee's objections the affidavit of the attorney for the state in said cause No. 85,344, for the reason that said affidavit recites that the defendant, S. K. Stevenson, on the 21st day of November, 1919, the date citation by publication was issued in said cause, was a non-resident of the state of Texas, and because said affidavit, taken in connection with the judgment in said cause which recites that the defendant, Stevenson, was cited by publication in said cause and the statement of facts filed and made a part of the record in said cause which recites that the citation by publication issued in said cause was directed to the sheriff of Harris

county, Tex., shows that said citation by publication issued in said cause was illegal and void and that the judgment based thereon was void."

 The attack thus made by appellant upon the tax judgment as a link in appellee's chain of title comes clearly within the Supreme Court's definition of a collateral attack, as given in Crawford v. McDonald, 88 Tex., 626, 33 S. W. 325: "A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes" set out, etc.

The judgment in the case of State of Texas v. Appellant recited due service of process upon him, together with all other jurisdictional facts. Though a tax suit, under Harris v. Mayfield and Brown v. Bonougli, supra, it is on the same plane with regards to collateral attack as judgments in general. Appellant's assignments and propositions do not show error, since the attack thus made was purely collateral. The decisions are directly against appellant's propositions. That a foreclosure in solido does not render the judgment void was held in Orr v. Wallace (Tex. Civ. App.) 285 S. W. 650, and Lacy v. Sanders (Tex. Civ. App.) 295 S. W. 288. In the last case it was said:

"Appellant also contends that he should have been permitted to introduce in evidence the rate card of the tax assessor and collector for the years 1908 and 1909, also the tax assessor's abstract book for the same years, for the purpose of showing that the judgment in the tax suit was for more than was owing by the owner of the property. This is a collateral attack upon the judgment in the tax suit, and the question of its excessiveness cannot be inquired into except upon direct attack."

Also in Ryon v. Davis, 32 Tex. Civ. App. 500, 75 S. W. 59, it was said:

"An execution sale of several tracts of land in gross for taxes, for which a judgment of foreclosure in gross has been rendered, is not void."

If the judgment on its face decrees a foreclosure in bulk against all of the lots for all of the taxes, it is not void. The court's jurisdiction to enter such a judgment is clearly granted by article 7326, R. S. 1925: "All suits to enforce the collection of taxes as provided in this law shall include all lands in the county where the suit is brought, owned by the same person on which delinquent taxes are due," etc.

It affirmatively appears from the face of the judgment that appellant owned the lots in controversy and the delinquent taxes were due against said lots. If the judgment decrees a foreclosure only against each lot for the taxes due thereon, as appellee construes it, of course it is not void, and under that construction would be in compliance with the law as advanced by appellant.

 Lacy v. Sanders, supra, is direct authority for the exclusion of the rendition sheets. The failure to comply strictly with the regulations of the law as to service by publication was held in Chapman v. Kellogg (Tex. Com. App.) 252 S. W. 151, not to render the judgment subject to collateral attack. It was there said: "In their brief in the Court of Civil Appeals, counsel for Chapman do not seek to justify the exclusion of this judgment upon any other ground than the fact that the papers in the case show a failure to comply with the requirements of the law as to service by publication on unknown heirs. This contention of counsel cannot be sustained. This is a collateral attack upon a judgment of a court of competent jurisdiction. The judgment on its face recites due and legal service of citation. These recitals in the judgment in collateral attack cannot be contradicted by other portions of the record. The judgment in this respect imports absolute verity."

This authority disposes of appellant's propositions relating to the citation and the sufficiency of the affidavit of the attorney for the state upon which the issuance of the citation was based.

Finding no error in the record, it is our order that the judgment of the trial court be, and the same is hereby, in all things affirmed.