## RESTIVO et ux. v. FRANKLIN.
### No. 2567.

Court of Civil Appeals of Texas. Waco.

Jan. 20, 1944.

Rehearing Denied Feb. 18, 1944.

R. V. Armstrong, of Bryan, for appellants.

P. Harvey, of Houston, for appellee.

TIREY, Justice.

This is a suit (non-jury) in trespass to try title. The court awarded to plaintiff a 5/8th undivided interest in said property and decreed that defendants take nothing, and they have appealed.

Point 1 is substantially that since the evidence shows that defendants acquired and held the property under sheriff's deed made pursuant to an order of sale issued on a judgment valid on its face, and since the sheriff's deed recited the judgment, order of sale, and levy and sale of the property, such judgment was not subject to collateral attack.

Plaintiff's petition conformed to Rule 783, Texas R. C. P., and alleged substantially that he was the owner in fee simple of lots Nos. 6, 7, 8, 9 and 10 in Block No. 32 of the original town of Bryan, and that he was in possession thereof as of January 1, 1943; that on January 2, 1943, defendants entered upon said lands and ejected plaintiff therefrom to his damage in the sum of $5,000; and that the reasonable rental value of the property was $750 per year.

Defendants, Restivo and wife, entered a plea of not guilty, and further pleaded substantially that the State of Texas filed suit in the District Court of Brazos County against plaintiff and others for state and county taxes accruing against the land for the years 1920, 1921, 1925 to 1932, inclusive, and 1934 to 1936, inclusive, and that judgment was rendered on November 12, 1938 against plaintiff and others for the amount of such taxes, and for foreclosure of the constitutional and statutory tax liens; that order of sale issued on said judgment under date of June 29, 1939 to the Sheriff of Brazos County, pursuant to said judgment, and that said property was sold on the first day of August, 1939 to A. H. Restivo, one of the defendants herein, for the sum of $670; that since the purchase Restivo had paid county, state and city taxes on the property in the amount of $203.94, and itemized the taxes paid; and that the payment of taxes by defendants was made in good faith without notice or knowledge of any defects in their title to said property. Defendants prayed that plaintiff take nothing by his suit and that they be discharged with their costs. In the alternative they sought to recover the amount of taxes paid by them in good faith. It was agreed that the amount of taxes as shown in the de-

fendants' pleading was actually paid by them.

The facts are not in dispute. S. H. Franklin and wife, Sadie Franklin, are the common source of title and such property was their homestead. They had four children born to them, two of whom died when small, the other two being Herbert Allen Franklin (plaintiff in this suit) and M. R. Franklin. Sadie Franklin died in 1891 and thereafter her husband and the two sons continued to live on the property. S. H. Franklin remarried and he and his second wife continued to occupy the property as a home, and eight children were born of this second marriage, two of whom died unmarried and without issue. S. H. Franklin died in 1923 and his second wife continued to occupy the property until it was sold for taxes under the judgment rendered November 12, 1938 against her and her children and the surviving children of the first marriage of S. H. Franklin. This judgment found the amount of delinquent taxes, penalties, interest and costs for the years sued for against each of the lots in question, and further found that such defendants owed a total amount of $410.15, with interest thereon at the rate of six per cent per annum from the date of the judgment until paid, together with all costs and awarded such recovery; and this judgment decreed "that plaintiff be awarded a foreclosure of its constitutional tax lien for the years 1920, 1921, 1925 to 1932, inclusive, 1934, 1935 and 1936 for taxes, penalties, interest and costs in the total sum of $410.15 upon the first, second, third, fourth and fifth tracts hereinabove described. It is further * * * decreed that an order of sale be issued by the Clerk of this court commanding the proper officer to seize, levy on, advertise for sale, and sell as under execution the said property at public auction, to the highest bidder for cash as provided by law, to satisfy this judgment together with such interest and costs as are due thereon, and that he direct in said order of sale that said property be sold for not less than the total taxes, penalties, interest and costs due the plaintiff, State of Texas and Brazos County. It is therefore * * * ordered * * * that the officer executing said order of sale shall make a deed or deeds to the purchaser or purchasers complying with the terms of said order of sale, and that such sale and the deed or deeds thereunder be made subject to the right of defendants, or any other person having any right of redemption to redeem said land in the manner provided by law within two years from the date of said sale."

It was agreed that all of the original court papers in the District Court were lost and that order of sale did issue on or about July 10, 1939 for the sale of such property "as required by law and under the terms of said judgment." The Execution Docket shows the sheriff's return, and this return shows that the sheriff levied on the property, advertised it for sale as required by law, and that proper notice was given to the defendants, and that such property was sold in bulk to A. H. Restivo (defendant in this cause), the highest bidder, for $670, he paying cash therefor, and that the proceeds of the sale were delivered to the clerk. The sheriff's deed to Restivo was dated August 7, 1939, and was filed for record August 15, 1939.

■ Our Supreme Court in Brown v. Bonougli, 111 Tex. 275, 232 S.W. 490, 492, held "that the validity of the sale under judicial foreclosure of a tax lien is to be determined by the rule governing judicial sales, and not sales purely statutory and summary." And it also held in effect that it was the intent of the Legislature "to throw around the owner's right and title every safeguard furnished by due and orderly judicial procedure, and to put the tax sale, in consummation of a valid judicial foreclosure, on the same plane, with respect to collateral attack, as other execution sales." This decision has been followed uniformly. See Stevenson v. Mills, Tex. Civ.App., 14 S.W.2d 94, points 2, 3 and 4; Griggs v. Montgomery, Tex.Civ.App., 22 S.W.2d 688, points 7, 8, 9 and 10. See also Orr v. Wallace, Tex.Civ.App., 285 S.W. 650, affirmed Harrison v. Orr, Tex.Com. App., 296 S.W. 871.

It is the appellee's contention substantially that the undisputed proof shows that the sheriff did not obey the tax judgment and the order of sale issued thereon by selling each tract separately for the amount of taxes, penalties and interest adjudged against each particular lot, but on the contrary sold all of the tracts in bulk and by reason thereof the sale is void and the sheriff's deed passed no title to Restivo. It appears that the trial court decided the case on such theory.

■ It is true that the tax judgment found the amount of delinquent taxes,

penalties and interest and costs for the years sued for against each of the lots in question, but the judgment further found that such defendants owed a total amount of $410.15 upon the tracts involved and awarded recovery for such sum; and the judgment decreed "that plaintiff be awarded a foreclosure of its constitutional tax lien for the years 1920, 1921, 1925 to 1932, inclusive, 1934, 1935 and 1936 for taxes, penalties, interest and costs in the total sum of $410.15 upon the 2nd, 3rd, 4th and 5th tracts hereinabove described * * *." Our view is that the decree foreclosed the tax lien in solido and brings the factual situation here presented within the rule announced in the foregoing cases, and not under the rule announced by our Supreme Court in Mills v. Pitts, 121 Tex. 196, 48 S. W.2d 941, 84 A.L.R. 319. Since the plaintiff must recover on the strength of his own title and not on the weakness of defendants' title, and since the tax judgment offered in evidence is regular and recites on its face that due issuance and service of citation upon all parties claiming title under the common source, the judgment is not void and is not subject to attack in a collateral proceeding. See Griggs v. Montgomery, supra, points 9 and 10 on page 692, and citations therein cited. It is without dispute that the tax judgment allowed the State to recover a lump sum judgment and ordered the clerk to issue an order of sale, and we think it decreed a foreclosure against all of the lots in solido for the total amount of the taxes due. In Stevenson v. Mills, supra, the lots were separately assessed and the foreclosure was in solido, and the court held that the attack on the judgment and sale was a collateral one. In Cockrell v. Steffens, Tex.Civ.App., 284 S.W. 608, 609, writ dismissed, a tax judgment was collaterally attacked because the lien was foreclosed for the gross amount of taxes due on all lots and not against each lot separately. The court held: "Judgments in tax suits are of equal dignity with judgments generally, and neither the judgment nor the sale thereunder is subject to attack collaterally for irregularities. Citing Brown v. Bonougli, supra; Harris v. Mayfield, Tex.Com.App., 260 S.W. 835." See also Newman v. City of El Paso, Tex. Civ.App., 77 S.W.2d 721, writ dismissed; State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950. In Mills v. Pitts, supra, relied upon by appellee, it was decreed that a lien existed against each of the tracts of land for the amount of the taxes and interest and costs and the lien was foreclosed as against said defendant on each of the tracts of land and it directed the officer executing the writ to seize and levy upon each tract and advertise and sell the same to the highest bidder. The distinction in the factual situation is therefore obvious.

■ It is clear to us that the judgment for taxes and the sale thereunder was not subject to collateral attack and that defendants were entitled to recover on the strength of their tax title, and further discussion would be of no avail. Accordingly, the judgment of the trial court is reversed and rendered and title and possession are awarded to defendants.

Reversed and rendered.