### ROBINSON v. STATE et al.

#### No. 12889.

Court of Civil Appeals of Texas. Dallas.

June 29, 1940.

As Corrected on Denial of Rehearing
Oct. 5, 1940.

Read, Lowrance & Bates, of Dallas, for appellant.

L. L. McGuire and Lenore B. McGuire, pro se, both of Dallas, for appellees.

LOONEY, Justice.

Appellant, H. Reid Robinson, instituted the present proceedings, denominated a motion, but, in our opinion, an independent action, to set aside a tax judgment rendered below in cause No. 29,976–A, styled The State of Texas v. H. Reid Robinson et al. On April 9, 1931, the State filed suit to recover delinquent taxes due the State and County of Dallas, amounting to $41.30, and to foreclose the tax lien upon the west

55 feet of Lot 8 in Block 2751/9 in the City of Dallas, owned by appellant.

On March 4, 1931, the attorney representing the State filed an affidavit for citation by publication, alleging that the residence of appellant was unknown to the affiant. The citation was duly issued and published, and on April 12, 1932, the court appointed an attorney to represent appellant. The attorney ad litem filed an answer containing a general demurrer and general denial, and, on same day, the court tried the case and rendered judgment establishing, as due and unpaid, the taxes sued for, but failed to adjudge appellant personally liable for its payment; also decreed foreclosure of the tax lien on the real estate involved; and on April 27, 1932, a statement of the facts adduced at the hearing was duly prepared, signed by counsel, approved by the court, and filed as a part of the record.

On December 1, 1936, the sheriff of Dallas County sold the property under an order of sale issued on the judgment; L. L. McGuire purchasing same on his bid of $100. Subsequently, McGuire paid $105.55, the amount of taxes accruing subsequently, and it appears that, at the time of sale, there also existed against the property unpaid taxes due the City of Dallas, amounting to $145.06. Later, L. L. McGuire quit-claimed the property to his mother, Mrs. Lenore McGuire.

On January 26, 1939 (nearly seven years after the rendition of the tax judgment), appellant instituted the present proceedings against the State, L. L. McGuire and Mrs. Lenore McGuire, contending, for reasons hereinafter stated, that the judgment, order of sale, sheriff's sale, the deed to L. L. McGuire, and his quit-claim deed to Mrs. Lenore McGuire, were void and clouds upon his title. However, appellant admitted his liability for the taxes and court costs properly chargeable, offered to pay same; praying that the tax judgment and all proceedings thereunder, and the documents just named, be canceled and removed as clouds on his title. The husband of Mrs. Lenore McGuire was duly cited, but failed to answer. The material defenses pleaded by the State and the McGuires, answering separately, were general denials and the statutes of limitation of two and four years.

■ For reasons which will be shown hereafter, we do not think the tax judgment was void upon the face of the record; hence, before appellant was entitled to have it set aside, he was required to exhibit a meritorious defense to the State's action. But he made no such showing, nor does he contend here, that he has a meritorious defense to the action; on the contrary, admits liability for the taxes; alleged his willingness to pay same and the accrued court costs; and, subject to the court's orders, offered to place the necessary amount in the court's registry; praying that, on final hearing, the tax judgment be set aside and that he be permitted to pay said taxes, costs, etc.

■ As appellant admits the justice of the State's cause of action, we do not think he is in any position to ask the court to indulge in the useless circumlocution of setting aside the judgment already rendered, in order to again render judgment, or else afford appellant an opportunity to pay the taxes sued for and accrued court costs without judgment. See 25 Tex.Jur., § 221, p. 633; Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871, 879.

In view of what has just been said, we think the State's connection with the suit could end at this point, as we do not think the State has a justiciable interest in either of the other issues involved. However, as the State and the other appellees urged other and common defenses, the questions presented will be discussed and disposed of during the further progress of this opinion.

■ It is obvious that, in asking that the judgment and all subsequent proceedings had thereunder be canceled, appellant sought equitable relief, to which, in our opinion, the four-year statute of limitation (Art. 5529) was applicable. As heretofore shown, the judgment sought to be canceled was rendered on April 12, 1932; the present proceedings were begun on January 26, 1939, nearly seven years later. To avoid the bar of limitation, appellant contends that, he had no knowledge of the suit or of the judgment, until on December 13, 1939, when he ascertained that L. L. McGuire had placed a "For Sale" sign on the lot; but he does not excuse his failure to sooner ascertain the facts. It is disclosed that, for twelve years, 1927–1938, appellant failed to either render the property or pay taxes thereon. Cognizant of his repeated delinquencies, and charged with a knowledge of the controlling statutes, appellant must have realized the probability that public officials, charged with the duty, would endeavor, with the means at hand, to collect the delinquent taxes. In view of this situation, we think it obvious that, if appellant

had been reasonably diligent in the discharge of his duty as taxpayer, and regardful of his own interest, he could and would have acquired full knowledge of the existence of the judgment and of the proceedings had thereunder; therefore, we think that his cause of action was barred under the four-year statute. 25 Tex.Jur., § 227, pp. 643, 644; Griggs v. Montgomery, Tex.Civ.App., 22 S.W.2d 688, 694; Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871, 881.

However, we will discuss the other questions presented, one being that the judgment was void because the State's petition was fatally defective, and insufficient to support the judgment, in that the delinquent taxes sued for were alleged to have accrued on impossible dates; that is, for the years 27, 28 and 29, the century not being identified.

The State's petition adopted and made a part of its allegations, the delinquent tax notice issued by the tax collector of Dallas County, dated September 5, 1930. Under the heading "Years Sold or Delinquent", there appears in the notice the numerals "27, 28 and 29". The notice named appellant as owner, properly described the land in question, and, in detail, stated the amount of taxes due the State and County.

We think the petition sufficiently identified the years involved. It will be presumed that the notice issued by the collector on September 5, 1930, followed the due order of procedure prescribed by statute for the collection of taxes, and had reference only to recent preceding years. Besides, we think it a familiar colloquial expression to designate years as was done in the petition and in the tax notice. However, the particular years involved were rendered certain by evidence adduced at the trial, as shown by the statement of facts, and the judgment, that specifically described the years of delinquency as "1927, 1928 and 1929".

It is also contended by appellant that the tax judgment is void because no proper statutory affidavit was made and filed as a basis for the citation by publication. This question was not raised in the court below, but, the process involved being a part of the record, we think the question properly presented, and should be considered. The record discloses that the affidavit for citation by publication was in the exact form prescribed by the statute and was signed and sworn to by Hubert Wills, Assistant District Attorney repre-

senting the State. The only possible criticism that could be made of the affidavit is that, in its body, Tom C. Clark, Assistant District Attorney, is named as the affiant, whereas, it was actually signed and sworn to by Wills, another assistant district attorney. We think the court below was justified in assuming that, Clark's name in the body of the affidavit was the result of a mistake, hence should be disregarded as surplusage. In all other respects, the affidavit was regular and complied with the statute, and, in our opinion, was a sufficient basis for the issuance of the citation by publication.

Another contention of appellant is that, as the court failed to adjudge him personally liable for payment of the taxes, the judgment, as rendered, was interlocutory and void. As before stated, the judgment simply fixed the amount of the taxes sued for, and foreclosed the lien given by law upon the real estate involved.

That a taxpayer is personally liable for taxes levied upon his real estate seems to be well settled (City of Henrietta v. Eustis, 87 Tex. 14, 26 S.W. 619), but we do not think it follows that a judgment, establishing the amount of delinquent taxes sued for, and decreeing foreclosure upon the real estate involved, is void, because it does not go further and adjudge the taxpayer personally liable for the payment of the taxes. We find no warrant for such doctrine either in the provisions of Art. 7326, or in the authorities cited by the appellant. Besides, we do not think that appellant can complain of the judgment because more favorable to him than it could have been.

Appellant also attacked the judgment on several grounds that raised issues of fact, requiring, for their support, the introduction of evidence aliunde the record, as follows: (1) That the affidavit for the issuance of citation, in stating that appellant's residence was unknown, was untrue, and recklessly made, without exercising due diligence to ascertain the truth in regard to appellant's residence; (2) that the citation was not published in a newspaper of general circulation, as required by statute; and (3) that there existed collusion between the attorney ad litem and the attorney representing the State, in that, the attorney ad litem consented to an immediate trial of the case without making any effort to locate or consult with appellant, and without urging available de-

fenses. The judgment being in favor of appellees, necessarily, the court resolved these issues of fact against the contention of appellant and, in our opinion, properly so, under the evidence.

■ But aside from this view, we think the judgment secure against the collateral attack, because of its recitals, to the effect that a valid service by publication was had on appellant, the record revealing nothing conclusively to the contrary. See Treadway v. Eastburn, 57 Tex. 209, followed in Martin v. Burns, 80 Tex. 676, 16 S.W. 1072; also in Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377; and in 25 Tex.Jur., § 330, pp. 857-862, with full citation of authorities, and in the recent case of Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871.

In Switzer v. Smith, Judge Speer, speaking for the court, used the following language in point; he said [300 S.W. 33, 68 A.L.R. 377]: "Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack, the recitation of due service in the judgment proper is conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity. Martin v. Burns, 80 Tex. 676, 16 S.W. 1072; Gibbs v. Scales, 54 Tex.Civ.App. 96, 118 S.W. 188 (writ refused); Chapman v. Kellogg (Tex. Com.App.) 252 S.W. 151; Borders v. Highsmith (Tex.Civ.App.) 252 S.W. 270; Mariposa Mining Co. v. Waters (Tex.Civ.App.) 279 S.W. 576; Gillette's Estate v. State (Tex.Civ.App.) 286 S.W. 261; Barton v. Montex Corp. (Tex.Civ.App.) 295 S.W. 950."

Appellant also questioned the validity of the sheriff's sale on the following grounds: (1) Because of the inadequacy of the description of the property, contained in the order of sale and in the published notice of sale; (2) that the notice of sale was not published in a newspaper of general circulation as required by statute; and (3) that the land was sold for an inadequate consideration.

■ As is apparent, the two latter grounds raised issues of fact that, in our opinion, were decided correctly in favor of appellees. The notice of sale was published in a daily paper of 26 years' standing in the City of Dallas, having a circulation of about 1,000 in the different walks of life.

As to the alleged inadequacy of the price for which the land was sold by the sheriff to L. L. McGuire, the record discloses that the lot was worth approximately $800, was sold to McGuire for $100, but, at the time, was encumbered with liens for delinquent taxes accruing subsequent to the accrual of the taxes for which suit was brought, aggregating $250. We fail to find any evidence tending to show actual fraud, and, under the circumstances, do not think the price for which the land was sold, was so disproportionate as to create a presumption of fraud or indifference on the part of the officer making the sale.

In regard to the contention that the lot was inadequately described in the order of sale and published notice, we think the only criticism that can be made of the description is that it was incomplete, and not that it was incorrect. The pleading and judgment describe the lot correctly as "The W 55 feet of Lot 8" in Blk. 2751/9., etc., whilst the order of sale and published notice describe it as "part of Lot 8", Block 2751/9, etc.

■ The statute, Art. 3808, does not require that the published notice of sale shall contain a full and complete description; on the contrary, provides that it shall contain only a. "brief description of the property to be sold". We think the description substantially complied with the requirement of the statute, and that the process, that is, the order of sale and published notice, contained sufficient data by which the lot could have been definitely located and its full description rendered certain. Where, as in the instant case, the pleadings, the judgment and the sheriff's deed, correctly and fully describe the lot upon which foreclosure was had, an incomplete description in the order of sale and published notice will not vitiate the sheriff's sale and deed. See 18 Tex.Jur. § 163, pp. 730, 731; Hermann v. Likens, 90 Tex. 448, 39 S.W. 282; Simmons v. Arnim, Tex.Civ.App., 172 S.W. 184; Hurley v. Barnard, 48 Tex. 83; Leal v. Moglia, Tex.Civ.App., 192 S.W. 1121. Many other authorities could be cited to the same effect.

We have duly considered all assignments and propositions urged by appellant for reversal, but, failing to find reversible error, the judgment of the court below is affirmed.

Affirmed.