**EDENS et al. v. GROGAN COCHRAN LUMBER CO.**

No. 4127.

Court of Civil Appeals of Texas. Beaumont.

May 12, 1943.

Rehearing Denied July 7, 1943.

O. E. Etheridge, of Conroe, for appellants.

Pitts & Liles, of Conroe, and H. D. Grogan, of Liberty, for appellee.

WALKER, Chief Justice.

John L. Griffith filed his suit in trespass to try title against Pascal B. Hamilton and others, naming about 1,700 defendants, praying to recover the Frisco-Santa Fe subdivision in Montgomery county. This suit involved about 10,000 acres of land and was No. 6558 on the docket of the Ninth District Court of Montgomery county. Judgment was entered in Griffith's favor for the land sued for at the May term, 1917. The judgment ran against N. H. Edens, who died March 7, 1910, five years before suit No. 6558 was instituted.

The suit at bar was instituted by appellant A. B. Edens and others in the Ninth District Court of Montgomery county in trespass to try title to recover two five acre tracts of the Frisco-Santa Fe subdivision in issue in suit No. 6558, and is a part of the land recovered by Griffith in the judgment entered in his favor in that suit. Appellants are the heirs of N. H. Edens, who at the time of his death owned the legal title to the land in controversy, and his title descended to appellants as his heirs.

In addition to the statutory allegations of trespass to try title, appellants also alleged that N. H. Edens was dead at the time Griffith instituted against him suit No. 6558 and, therefore, the judgment against him was void. They also alleged that as his heirs and successors in title they were not parties to suit No. 6558, that citation was not had on them in that suit and that, therefore, the judgment in that suit in favor of Griffith was void as to them. They prayed for recovery of the land in controversy and for cancellation of the judgment in favor of Griffith in cause No. 6558 as casting a cloud on their title.

Appellee answered by the usual pleas in trespass to try title, the several statutes of limitation and specially the statute of four years' limitation against appellants' attack on the final judgment in cause No. 6558.

Appellants filed this suit in the same court where final judgment was rendered in cause No. 6558 but it was tried to final judgment in the other district court of Montgomery county by order of transfer. Judgment was against appellants.

The original papers in cause No. 6558 have been lost but on the trial the citation

in that suit as published in one of the local papers was introduced in evidence.

In so far as appellants seek to attack the recitations in the final judgment in cause No. 6558 by extraneous evidence, to the effect that they were not parties to that suit as heirs of N. H. Edens, their attack is collateral and subject to appellee's plea of limitation of four years.

As against appellants' contention that they were not parties to cause No. 6558, the final judgment rendered in that case recites that the case came on for trial on the 19th day of July, 1917, and that N. H. Edens (naming the other defendants) and also the unknown heirs of each and every one of the named defendants, their heirs and legal representatives, came on through attorneys appointed by the court to represent the defendants cited by publication. The judgment recited further, "and it appearing to the court that all of said defendants hereinbefore fully named have been duly and legally cited in and for the time prescribed by law * * *." Appellee claims to hold the title of appellants under the final judgment in cause No. 6558.

Since N. H. Edens was dead at the time cause No. 6558 was instituted, it requires the citation of no authority to support appellants' proposition that the final judgment rendered in that case was void in as far as it purported to affect his interest. By their collateral attack, appellants on a construction of that judgment had the right to show, if they can, that by the terms of the judgment they were not parties thereto. National Loan & Inv. Co. v. L. W. Pelphrey & Co., Tex.Civ.App., 39 S.W.2d 926; 34 C.J. 626; 25 Tex.Jur. 432 and 862; State Mortgage Corp. v. Traylor, 120 Tex. 148, 36 S.W.2d 440. But by their collateral attack they cannot destroy the effect of the recitations in that judgment. As we construe the terms of the judgment, it is our conclusion that they were parties to that suit as the unknown heirs of N. H. Edens, and were duly cited as such. The judgment so recites. These recitals in the judgment import absolute verity and cannot be attacked by the recitals in the citation as published. Smith v. Walker, Tex.Civ.App., 163 S.W.2d 857.

The judgment of the lower court is affirmed.