Joyce HOLBERT, Appellant,

v.

CITY OF AMARILLO, Appellee.

No. 6623.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 1, 1956.

Rehearing Denied Oct. 29, 1956.

W. S. Birge and Henry L. Ford, Amarillo, for appellant.

Monning & Monning, Amarillo, for appellee.

PITTS, Chief Justice.

Appellee, the City of Amarillo, defendant in this action in the trial court, had previously purchased quite a number of City of Amarillo lots at a tax foreclosure sale in July of 1945. Appellant, Joyce Holbert, plaintiff in the trial court, claiming under the previous owners whose interests had been litigated in the tax foreclosure suit, instituted this suit on September 27, 1954, against appellee in the nature of trespass to try title. The case was tried before the trial court without a jury as a result of which judgment was rendered against appellant and for appellee, from which judgment an appeal has been perfected.

The land here involved is all of Blocks Nos. 11, 12 and 104, University Heights Addition, in Amarillo, Potter County, Texas. By stipulation it was agreed that the common source of title was Mrs. W. A. (Ida) Blackburn, Mrs. Fern Blackburn Brady, Albert Blackburn, James Lee Blackburn and Claude Blackburn. The City of Amarillo, joined by other legal taxing units, had previously filed suit against the herein named Blackburns in the district court of Potter County, Texas, for the collection of delinquent taxes on the land here involved and other city lands not herein described, as a result of which judgment was rendered in Cause No. 7159 on May 10, 1945, for the plaintiffs and against the Blackburns for the delinquent taxes, penalties, interest and attorney fees as provided for by law and a foreclosure sale of the land was accordingly therein ordered, as a result of which the said lands were duly sold for taxes by the Sheriff of Potter County and the Sheriff's deed to the said land was duly executed to the City of Amarillo on July 3, 1945. Thereafter, in July, August and September of 1954, the named Blackburns, for a nominal consideration, deeded and transferred to appellant, Joyce Holbert, whatever interest they each may have had in the said land in question at that time. Soon thereafter, on September 27, 1954, appellant filed this suit alleging in

part that he and his predecessors in title owned and were in possession of the land in question on July 3, 1945, when they were ejected therefrom by appellee, since which time appellee has withheld the said land from them and particularly from him. Appellee pleaded "Not Guilty" and otherwise joined issues with appellant, pleading particularly and in effect that the judgment in Cause No. 7159 was duly and legally rendered and recorded and its terms lawfully complied with more than nine years before this suit was filed as reflected by appellant's own pleadings, that no appeal was perfected from the said judgment and it became final, that the losing parties in the said cause (the Blackburns) knew or should have known of all of the proceedings there had but wholly failed to redeem or seek to redeem the said land or to file any kind of an action to set aside the judgment rendered in Cause No. 7159 at any time; that no complaint was made or question raised until appellant filed this suit seeking nine years later to make a collateral attack upon the said judgment rendered in Cause No. 7159. Appellee also pleaded title by limitation and invoked the doctrine of laches and stale demand.

The evidence reveals that the land here involved constituted a unit and was designated, together with other land adjacent thereto, as a city park in 1947 by the City of Amarillo, and has since been exclusively and continuously used by the general public as a city park. At the request of appellant, the trial court filed its findings of fact and conclusions of law, which support its judgment and which were not challenged or excepted to by appellant. The trial court found and concluded in effect that the title to the land was vested in the Blackburns prior to the judgment rendered on May 10, 1945, in Cause No. 7159, as a result of which a lawful foreclosure sale of the land was soon thereafter held to satisfy constitutional and statutory tax liens against the property for delinquent taxes for the years 1927 to 1944, both inclusive; that none of the Blackburns or anybody else sought to vacate the tax foreclosure judgment or to redeem any of the land from the tax sale; that the record reveals therefore that the fee simple title of the land is vested in appellee; that in July and September of 1954 the Blackburns purported to convey to appellant any interest they each may have had in the land in question but by reason of the valid final judgment entered by the district court on May 10, 1945, in Cause No. 7159, the Blackburns had no title or interest in the said land during the year 1954; that appellant has sought to make a collateral attack on the valid and binding judgment rendered on May 10, 1945, in Cause No. 7159, more than five years after such judgment was rendered; that in any event appellee has been in peaceable, continuous and adverse possession of the said land for more than five years before appellant filed this suit and therefore has title to the said land under the statutes of limitations; that for the reasons stated appellant is barred from prosecuting this suit under the doctrine of stale demand and laches; that the court rendering judgment in Cause No. 7159 having had jurisdiction over the subject matter and the party defendants therein and such judgment not having been appealed from or set aside within the time limit prescribed by law, it is now a final judgment and is binding on all parties, including appellant herein, whether the said judgment is correct or erroneous; and that any purported evidence seeking to go behind that said judgment and to question the proceedings had in that suit or the validity of that judgment in a subsequent action is irrelevant, immaterial and not admissible.

According to the record before us and the law governing such, it is our opinion that the trial court had jurisdiction over the parties and the subject matter when it rendered judgment in the tax suit in Cause No. 7159. We think appellee showed divestiture of title from the common source (the Blackburns) by introducing the tax judgment in Cause No. 7159 of date May

10, 1945, the order of sale in compliance therewith of date May 31, 1945, and the sheriff's deed to appellee of date July 3, 1945. Brown v. Bonougli, 111 Tex. 275, 232 S.W. 490; Harris v. Mayfield, 260 S. W. 835 (by Commission of Appeals adopted by the Supreme Court). Both cases also held that an attack upon a tax judgment such as appellant here sought to make in a trespass to try title action was a collateral attack. The rules of law there announced have been uniformly followed in other cases. Stevenson v. Mills, Tex.Civ.App., 14 S.W.2d 94; Restivo v. Franklin, Tex. Civ.App., 177 S.W.2d 811; City of Houston v. Darland, Tex.Civ.App., 264 S.W.2d 783 and many other cases. These authorities hold that a judgment such as the one under a collateral attack here is on the same plane as a collateral attack made on other execution sales, and is not subject to collateral attack.

■ Under the record before us and the authorities cited, together with others, it is our opinion that the trial court was justified in finding and concluding that appellant sought to improperly make a collateral attack upon the tax foreclosure judgment more than five years after the said judgment was rendered, for which reason it properly further found and concluded that appellant was barred from recovery under the four year statute of limitation, Vernon's Ann.Civ.St. art. 5529. Holt v. Holt, Tex.Civ.App., 59 S.W.2d 324; Johnson v. Cole, Tex.Civ.App., 138 S.W.2d 910; Robinson v. State, Tex.Civ. App., 143 S.W.2d 629; Edens v. Grogan Cochran Lumber Co., Tex.Civ.App., 172 S.W.2d 730; Stewart Oil Co. v. Lee, Tex. Civ.App., 173 S.W.2d 791; Clark v. Puls, Tex.Civ.App., 192 S.W.2d 905. The last two cases cited also hold that even an erroneous final judgment entered by a court having jurisdiction is not void. Considering the last matter mentioned, the Supreme Court of Texas held in the case of Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810, that if a trial court has jurisdiction of the parties and the subject matter, as the trial

court did in rendering the tax judgment here involved, its final judgment is not void regardless of how erroneous it may be.

■ Appellant contends that the tax judgment and the procedure thereunder "was void" because he charges that all of the lots here involved, together with the others sold at the same time, were sold "in solido." The Deputy Sheriff, J. C. Vaughn, who handled the proceedings of the sale of the land in question, testified without objections that all of the said lots were sold separately and such testimony was not controverted. However, assuming that the lots may not have been sold separately, this Court has held that the result in a case such as this would be the same. Rule v. Richards, Tex.Civ.App., 149 S.W. 1073. Such a rule has support also in the case of Perkins v. Magnolia Petroleum Co., Tex.Civ.App., 148 S.W.2d 266.

■ Under the record before us it is our opinion that, in any event, the trial court was justified in finding and concluding that appellee has perfected title to the land in question by the three and five year statutes of limitation. Art. 5507 and 5509, Vernon's Ann.Civ.St. The land in question having been designated by appellee, the City of Amarillo, as a public park in 1947 and having been continuously so used exclusively by the general public, it was and is exempt from taxation. Sec. 9, art. XI, State Constitution, Vernon's Ann. St.

■ It is our opinion that, under the record here presented and under logical reasoning presented by the court in the case of Robinson v. State, supra, the trial court was justified in finding and concluding that appellant was barred from recovering by the doctrine of laches and stale demand. In the case at bar the delinquent taxes were foreclosed for a period of 18 years, 1927 to 1944, both inclusive, while in the Robinson v. State case the delinquent taxes were foreclosed for a period of 12 years, 1928 to 1938, both inclusive. Although appel-

lant, in the case at bar, claimed ownership of the land for himself only since July and September of 1954, he was liable for the negligence of his predecessors who failed to pay the taxes thereon for at least a period of 18 years. In fact no taxes were paid by them thereafter and it was ten years thereafter before appellant filed this suit.

For the reasons stated it is our opinion that the material findings and conclusions of the trial court are supported by the evidence and the law applicable thereto. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.