**Joyce HOLBERT, Appellant,**

v.

**J. O. WYATT, Appellee.**

No. 6624.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 1, 1956.

Rehearing Denied Oct. 29, 1956.

W. S. Birge and Henry L. Ford, Amarillo, for appellant.

Monning & Monning, Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

PITTS, Chief Justice.

This is a companion case to that of Holbert v. City of Amarillo, 294 S.W.2d 243. For a full statement of the nature of this case and the facts out of which the controversy arose, the opinion in that case is referred to. The two cases were filed on the same date in this Court and this case bears the next serial number following that shown in the previous case. The briefs of the respective parties in this case were filed in this Court on the same dates as shown on the briefs filed by the respective parties in the previous case. The same controlling questions are here presented by the briefs in the case as those shown by the briefs presented in the previous case. Although the appellant is the same in each case, there is a different appellee in this case, but the parties here joined issues substantially the same as those joined in the previous case since the controversy arose in the same manner as that shown in the previous case except that the land here involved is different, but the common source of title was the same and the said land was affected in the very same way as a result of the foreclosure tax sale judgment rendered in Cause No. 7159 shown in the previous case. Therefore, the controlling issues here presented are governed by the same rules of law there pronounced concerning the vesting of title to the land here involved in appellee and his grantees, the collateral attack made, the application of the statutes of limitation, all for the same reasons and under the same authorities shown in the previous case. The material evidence is substantially the same in this case as in that case, the attorneys are the same and the two cases were jointly presented to this Court with an oral statement by counsel to the effect that they were companion cases governed largely by similar facts and the same rules of law.

However, the judgment in this case was predicated upon a peremptory instruction to the jury and such judgment denied appellant any recovery and quieted title in the lands involved for appellee and his grantees. For the reasons here stated as well as for those given in the previous case, and under the authorities cited in the previous case, appellant's points here presented are all overruled and the judgment of the trial court is affirmed.