

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS
December 2, 1963

Honorable Joe Carter
Chairman
Texas Water Commission
P. O. Box 2311
Austin 11, Texas

Opinion No. C-188

Re: Various questions regarding the
interpretation of Article 7531(1),
V.C.S., in light of subsequent en-
actment of Article 6252-13, V.C.S.,
relative to publication of revised
rules and regulations, etc. of the

Dear Mr. Carter:

Water Commission.   RQ 214

This opinion is in response to your request regarding
the above cited matter, set out specifically in your letter
as follows:

"1.  Do the publication requirements of Article
7531, Revised Civil Statutes control as to the
publication in a newspaper of general circulation
in each of the three water districts of a revision
of the rules, regulations, etc. of the Commission
in light of the subsequent enactment of Article
6252-13?

"2.  If the above question is answered in the
negative, would Section 2(c) of Article 6252-13 be
authority for the Commission to publish a 'notice
of revision of its rules' and indicate to the
general public that full and complete copies of
such revised rules were available on request?

"3.  If question No. 1 is answered in the af-
firmative or question No. 2 is answered in the
negative, in light of the two statutes, what would
be the minimum publication requirements for such a
revision of Commission rules, regulations, etc.,
particularly as to:

"a. Scope of material (i.e., rules, regula-
tions, etc.) required to be published;

"b. Place or places required to be publish-
ed; and

"c. Nature, type, circulation, etc. of pub-
lication which must be utilized."

Article 7531, Vernon's Civil Statutes, as amended by Acts 1953, 53rd Legislature, ch. 356, p. 872, § 1, provides:

". . . After the /Commission/ rules and regulations shall have been adopted and printed, no amendment of an existing rule or no new rule shall be made effective until at least thirty (30) days after copy of same shall have been published one time in a newspaper of general circulation in each of the three Water Divisions described in Article 7475 of the Revised Civil Statutes of Texas, 1925."

Article 6252-13, Vernon's Civil Statutes, as amended by Acts 1962, 57th Legislature, 3rd C.S., ch. 31, p. 90, § 1(b) provides:

"'Rule' is hereby defined to mean and shall in-clude only rules and regulations promulgated or adopted by any agency governing or relating to rules of procedure or practice before such agency, or to govern its organization or procedure, includ-ing the amendment, change, or repeal thereof, whether with or without prior hearing; provided that such definition shall not include or be appli-cable to rules, regulations, orders, rates, stand-ards, or classifications adopted, promulgated, or prescribed by any agency to properly perform its statutory duties or to implement or make specific the law enforced or administered by any such agency, or to rules, regulations, or orders concerning the internal management of the agency and not directly affecting the rights of or procedure available to the public. (Emphasis added.)

"Sec. 2. In addition to the rule-making require-ments imposed or authorized by law:

"* * *

"(c) Prior to the adoption of any rule as defined in Section 1(b) hereof or the amendment or repeal thereof, the adopting agency shall, so far as prac-tical, publish or otherwise circulate notice of its intended action and afford interested persons oppor-tunity to submit data or views orally or in writing." (Emphasis added.)

The 1953 Legislature passed Article 7531(1), dealing specifically with the Board of Water Engineers (Water Commission), and positively outlining the duty to publish copies of new rules, regulations, or amendments thereof for 30 days whether they be procedural rules or substantive rules made in performance of its duty under Chapter I, Title 128, V.C.S.

The 1962 Legislature passed Article 6252-13 to deal with the broad general requirements for all authorized rule making agencies with a few limited exceptions.  However, this statute by Section 1(b) thereof is limited by definition to cover only those rules, regulations, or amendments relating to procedure or practice before such agency, or rules, regulations or amendments to govern its organization, which for convenience will be referred to as "procedural rules."  Specifically excluded from this Act are all rules, regulations or amendments promulgated by an agency to perform its statutory duty or make specific the law enforced or administered by it, which for convenience we shall call "substantive rules."  The publication or circulation of notice requirement of Section 2(c) prior to the adoption of said "procedural rules" is to permit interested persons the opportunity to submit their views before the rules become final.

Before the passage of Article 6252-13, Article 7531(1) was the only requirement as to publication of new rules or amendments.  The sole question remaining is whether the passage of Article 6252-13 repealed or altered this requirement.  There being no express repeal of Article 7531(1) in Article 6252-13, the next inquiry must be whether such is implied.

The established rules of statutory construction which immediately appear applicable are:

(1)  Statutes which deal with the same general subject even though one statute may deal with the subject in comprehensive terms and another deals with a portion of the same subject in a more definite way, must be considered as "in pari materia," but in case there exists irreconcilable conflict, then the special will prevail over the general statute. Ex parte Townsend, 64 Tex.Crim. 350, 144 S.W. 628 (1911).

(2)  Acts in "pari materia" will be construed together as though they were parts of law of the same act and any conflict between their provisions will be harmonized if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.  39 Tex.Jur. 254.

(3)  A statute does not abrogate or affect an earlier law unless clearly so stated if there is no conflict between the two.  39 Tex.Jur. 139.

(4)  Where there is no express repeal, the presumption is that in enacting a new law the Legislature intended the old statute to remain in operation.  If by any reasonable construction two acts or statutory provisions can be reconciled and so construed that both may stand, one will not be held to repeal the other.  Cole v. State, 106 Tex. 472, 170 S.W. 1036 (1914).

The scope of Article 6252-13, V.C.S., was clearly limited by the definition of "Rule" in Section 1(b) thereof to encompass "procedural rules" only.  The further clear evidence that this statute was intended as additional to any other requirements in the field is shown by the preface of Section 2 reading:

"In addition to the rule-making requirements imposed or authorized by law:"

There is no inconsistency in the two questioned statutes if each is given its full effect and treated as two separate requirements on the Water Commission in its rule making capacity.  This would require the publication or circulation of notice set out in Article 6252-13, Sec. 2(c) prior to the adoption of the "procedural rules" as defined in Sec. 1(b) of that statute.  Subsequent to the adoption of all rules, regulations or amendments, whether "substantive" or "procedural" as heretofore defined, Article 7531(1) requires publication of copies thereof before they can become effective.

In light of this analysis, we must answer your question No. 1 and question No. 2 that the requirements of both statutes are mandatory.

We now turn to your third question in an attempt to define the minimum publication requirements of both statutes.

Besides the necessity of filing "procedural rules" with the Secretary of State after they are adopted, Article 6252-13, Sec. 2(c), imposes the general duty before adoption of these "procedural rules" or amendment or repeal thereof, to publish or otherwise circulate, as far as practical, notice of its intended action.  This seems broad enough to permit your suggested procedure of publishing a "Notice of revision of its

rules" and indicate to the general public that full and complete copies of such revised rules are available on request.

Article 7531(1) embodies the minimum publication requirements for all new rules, regulations or amendments, whether they be "procedural rules" or "substantive rules."

As to the material required to be published, the language of the statute is that:

> ". . . no amendment of an existing rule or no new rule shall be made effective until at least thirty (30) days after copy of same shall have been published . . ." (Emphasis added.)

As to all new rules and regulations or amendments the wording seems clearly to require a complete copy of the same to be published. As to renumbering or recodification of already existing rules, it would seem reasonable to publish the revised index changes only, as there is no change in the substance of the rules, and they are already in effect without complying with Article 7531(1), V.C.S.

The places where publication must be made are spelled out in Article 7531(1) as:

> ". . . a newspaper of general circulation in each of the three Water Divisions described in Article 7475 of the Revised Civil Statutes of Texas, 1925."

Your inquiry No. 3(c) as to nature, type, circulation, etc. of the publication which must be utilized is best answered by the Legislature's statutory definitions found in Article 28a, V.C.S., with the following relevant portions quoted:

> "(2) The term 'newspaper' shall mean any newspaper devoting not less than twenty-five (25) per cent of its total column lineage to the carrying of items of general interest, published not less frequently than once each week, entered as second-class postal matter in the county where published, and having been published regularly and continuously for not less than twelve (12) months prior to the making of any publication mentioned in this Act.
>
> "* * *

"(5) The term 'shall' whenever used in this Act shall be construed as indicating mandatory provisions in this Act.

"(6) The officer, employee, agency or persons charged with the duty of inserting any publication in a newspaper or newspapers shall select the newspaper or newspapers in which such publication is to be inserted. . . ."

The term "newspaper of general circulation," although not defined by statute, was defined in Robinson v. State, 143 S.W.2d 629 (Tex.Civ.App. 1940, error dism., judg. cor.), where the court found at that time and in that instance, being a suit attacking a tax judgment where citation was by publication, that a daily newspaper which had 26 years' standing in the city of Dallas, and a circulation of about 1000 among people in different walks of life fulfilled this requirement.

## SUMMARY

Article 6252-13, Sec. 2(c) must be complied with before any procedural rule is adopted. In addition, all rules, whether procedural or substantive, must comply with the publication requirements of Article 7531(1) before they become effective. The minimum publication requirements of Article 7531(1) are: (1) a copy of the entire rule, regulation or amendment must be published; (2) it must be published in each of the three Water Divisions described in Article 7475; (3) it must be published in a newspaper of general circulation.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

WAYNE R. RODGERS
Assistant Attorney General

WRR:da

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Fred D. Ward
Frank Booth
Ernest Fortenberry
Gordon Appleman

APPROVED FOR THE ATTORNEY GENERAL
By:    Stanton Stone